STATE, EX·REL. DANIEL BALLMER, APPELLANT, V. WILLIAM
STREVER, APPELLEE.

FILED MAY 17, 1913.    No. 17,209.

Municipal Corporations: TREASURER: REMOVAL FROM OFFICE: PRO-
CEDURE.  The power given the city council of a city of the second
class, under section 8905, Ann. St. 1911, to remove a city treasurer
for any of the reasons therein set out, cannot be exercised until
there has been preferred against such treasurer some specific
charge, of which he shall have notice and an opportunity to be
heard in his defense.

APPEAL from the district court for Dawson county:
BRUNO O. HOSTETLER, JUDGE.  Reversed with directions.

Niles E. Olson, for appellant.

E. A. Cook and W. A. Stewart, contra.

FAWCETT, J.

On April 15, 1910, relator was elected city treasurer of
the city of Cozad for the ensuing municipal year.  He
duly qualified and entered upon the discharge of the du-
ties of his office.  On November 3, following, the city coun-
cil, without notice to relator, and without any complaint
having been filed against him, by resolution declared his
office vacant, for the reason, as alleged in the resolution,
that he had failed and neglected to render his account at
the end of each month after his election, had failed and
neglected to file warrants paid and redeemed by him, and
had "failed and neglected to comply with the conditions of
section 8905 of Cobbey's Annotated Statutes of the State
of Nebraska, and of ordinance No. 5 of the city of Cozad,
Nebraska, and said Daniel Ballmer has not given or
offered any reason for such failure, and more than ten
days have elapsed since said failure."  Ordinance No. 5
is substantially the same as section 8905 of the statutes,
referred to in the resolution.  On the next day the council
again met, and elected the respondent as relator's suc-

cessor, and on the next day respondent filed his bond in the sum of $5,000, which was approved by the council, and since that time he has been assuming to discharge the duties and receive the emoluments of the office. This action was begun in the district court for Dawson county to oust respondent from the office and reinstate relator therein. There was a trial to the court and judgment in favor of the respondent. Relator appeals.

We deem it unnecessary to enter upon a discussion of this case. Under the authority of *State v. Smith,* 35 Neb. 13, and *State v. Hay,* 45 Neb. 321, relator having been elected for a definite term, the power of removal could not be exercised by the city council until there had been preferred against him specific charges, of which he should have been given notice and an opportunity to be heard in his defense.

The judgment of the district court is therefore reversed, with directions to enter judgment of ouster in favor of relator as prayed in his petition.

REVERSED.

BARNES, SEDGWICK and HAMER, JJ., not sitting.