S. Kathleen ALGAR, Appellant,

v.

YELLOW CAB COMPANY OF D. C., Inc., a corporation, Appellee.

No. 14263.

United States Court of Appeals District of Columbia Circuit.

Argued March 20, 1958.

Decided April 3, 1958.

Messrs. Sidney M. Goldstein and Sidney A. Cohen, Washington, D. C., with whom Messrs. Joseph D. Bulman and Arthur S. Feld, Washington, D. C., were on the brief, for appellant.

Mr. Alfred M. Schwartz, Washington, D. C., for appellee.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

The plaintiff-appellant attacks the order of the District Court granting summary judgment for the defendant-appellee. The complaint, filed on May 29, 1957, sought damages for personal injuries sustained in January 1957, when the appellant attempted to enter the appellee's cab which with its rear door open was standing waiting for her. Appellee an-

swered on June 12, 1957, setting up various defenses, specifically alleging, *inter alia,* that appellant had fallen before entering the waiting cab, she had missed her footing or taken a misstep, she had failed to watch where she was walking and stepping, and hence that her fall was caused through her own fault. Thus fully warned, appellant failed to take the deposition of the appellee's driver or otherwise to develop facts in aid of her generally alleged claim of negligence. On September 25, 1957, appellee filed its motion for summary judgment attached to which was the affidavit of the driver. Annexed also was a copy of a statement given by the appellant as of January 13, 1957, in which she had outlined her version of the occurrence. Appellant stated:

"The front of the cab was close in to the curb and I saw that the rear of the cab was about a foot out from the curb. * * * I reached for the inside door handle of the opened door and took a step toward the floor of the cab. My foot missed the cab entirely and I was not able to catch the door with my hand. I lost balance and fell to the pavement and curb."

Appellant filed her memorandum in opposition as of October 9, 1957, without affidavit or deposition to counter the appellee's factual claims.

Appellant now would have this court fill the void and go beyond the claims of the parties as set forth in their pleadings and the supporting documents. On the record as made, even granting to the appellant every favorable intendment to which she might be entitled in the consideration of a motion for summary judgment, appellant has failed to put in issue whether her fall was proximately caused by any negligent conduct of the appellee. She has failed to sustain before us her burden of demonstrating error on the part of the trial judge.

Affirmed.