STATE EX REL. MICHAEL DOHERTY *v.* JAMES H. FINNEGAN

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 29363
AT WATERBURY

Memorandum filed November 20, 1964

*David B. Cohen,* of Derby, for the plaintiff.

*James J. McCarthy, Jr.,* of Ansonia, for the defendant.

COTTER, J. This is a cause of action in quo warranto. On May 11, 1961, Michael Doherty, the relator, was appointed by the mayor of the city of Derby, John Bartimole, and the appointment was approved by the board of aldermen, to serve for a five-year term on the Derby redevelopment agency.

Redevelopment in the city of Derby was promulgated by ordinance adopted on May 10, 1956, in accordance with § 8-126 of the General Statutes. Section 2 of that ordinance provides: "The Mayor is hereby authorized to appoint five (5) persons, subject to the approval of the Board of Aldermen, who shall constitute said Redevelopment Agency for the City of Derby." Section 3 provides: "The first appointed members shall be designated to serve for one, two, three, four and five years respectively, and . . . thereafter members shall be appointed annually to serve for five years, except that any vacancy shall be filled for the unexpired term." Section 8-126 of the General Statutes, as amended by Public Acts 1961, No. 224, provides, among other things: "Those first appointed shall be designated to serve for one, two, three, four and five years, respectively, and thereafter members shall be appointed annually to serve for five years. Each member shall serve until his successor is appointed and has qualified . . . ."

Michael Doherty was appointed to a position on the Derby redevelopment agency on May 11, 1961, for a five-year term which normally would not expire until May 11, 1966; he duly qualified and has been acting in that capacity ever since. On July 16, 1964, Mayor Bartimole sent Doherty a letter stating that he was removing Doherty from the redevelopment agency and that his action was being taken because of "a possible conflict of interest that might arise concerning your service on two boards, both planning and redevelopment." The mayor had received a letter, prior to this, from John C. Pickens, acting head of the urban renewal section, community development division, dated July 8, 1964, in response to the mayor's letter of inquiry dated July 2, 1964, stating that there was no objection to a person serving on both planning and redevelop-

ment boards. Doherty continued to serve on the redevelopment agency and refused to accept the notice of removal, claiming (a) he had been appointed for a definite five-year term which had not expired and would not expire until May 11, 1966 (and until his successor had been appointed and qualified); (b) the mayor had no right to attempt to remove him without cause; (c) there was no cause shown for any attempted removal; and (d) no notice was given and no hearing had been held.

On August 13, 1964, the mayor submitted the appointment of the respondent, James H. Finnegan, to the board of aldermen for Doherty's position on the redevelopment agency. The board of aldermen, by a vote of three in favor, one opposed, one not voting, and one absent, purported to approve this appointment. On September 2, 1964, with Doherty in attendance at the duly called meeting of the Derby redevelopment agency as a member thereof, the mayor appeared at that meeting and administered an oath to Finnegan for this office on the redevelopment agency. Doherty protested that he was then a member and that he intended to continue as a member, and he remained in attendance at the meeting, as did Finnegan. The latter has continued to attempt to exercise the rights, powers and privileges of that office, and Doherty continues to hold that office.

Quo warranto is brought to test the right to an office, and the burden of proof is upon the defendant to establish his legal title thereto. *State ex rel. Jewett* v. *Satti,* 133 Conn. 687, 688; *Scully* v. *Westport,* 145 Conn. 648, 652.

Section 8-126 of the General Statutes and the ordinance both provide for the terms of appointments to the redevelopment agency, with the former providing, in addition, that "each member shall

serve until his successor is appointed and has qualified." Doherty was appointed and approved on May 10, 1961, to a five-year term which had not expired as of the date of the attempted removal by the mayor and has not expired. Since there is no provision for or power of removal in the statute or in the ordinance creating the Derby redevelopment agency, the mayor cannot remove a member who has been appointed for a definite term except for cause. It has been stated that, "the prevailing judicial opinion is that an officer elected or appointed for a definite term can only be removed for cause; power to remove at pleasure will not be implied. It can exist only when expressly given." 4 McQuillin, Municipal Corporations (3d Ed.) § 12.232, p. 244. It has been held that the grant of power of removal from office, generally speaking, is to be strictly construed, and whatever is not given in unequivocal terms is regarded as withheld. *Diffie* v. *Cowan,* 56 S.W.2d 1097, 1101 (Tex. Cir. App.) (on motion for rehearing). Usually such power is not implied, especially where the applicable law is silent on the subject. Ibid. With reference to the power of removal, authorities have held as follows: "But the power of removal is not incident to the power of appointment where the extent of the term of office is fixed by the statute. In the absence of any provision for summary removal, appointments to continue for life or during good behavior—which in contemplation of law is for a fixed term—or for a fixed term of years cannot be terminated except for cause. It is the fixity of the term that destroys the power of removal at pleasure." 43 Am. Jur. 32, Public Officers, § 183.

See also note, 99 American Law Reports 336, 363-64, where it is stated: "In the ordinary case an officer whose tenure of office is for a fixed period cannot be removed without notice and an opportunity

to be heard. . . . The basis for the rule is that definiteness of the term indicates that the officer is entitled to hold office for the full time for which he was appointed or elected, unless in the meantime removed for substantial cause, the necessity of cause for a removal implying that there shall be a hearing as to the existence of the cause. The fact that an officer holds for a definite term implies that he is removable only for cause, and hence only after notice and hearing, unless express authority is given to remove him at pleasure. . . . [cases cited.] Except where there is a contrary provision or intimation, no officer appointed for a definite term can be removed for cause without having an opportunity to be heard in his defense. . . . In the case of officers holding for fixed terms, it is usually the case that there is no absolute power of removal, but only a power to remove the officer for cause after notice and hearing. Such cases are to be contradistinguished from those of officers appointed to continue in office during the 'pleasure' of the appointing power, in which latter cases notice and hearing are not required. . . . 'The general rule is that a person appointed or elected to an office, the term of which is prescribed, cannot be removed therefrom by even the appointing power, except upon trial of charges preferred and of which he has notice.' . . . In State ex rel. Masconi v. Maroney . . . 191 Mo. 531 . . . the court quoted with approval, the following language from State v. Brown . . . 57 Mo. App. 199: 'The general rule is that an election or an appointment to office for a definite term carries with it the right to serve the full period, unless sooner forfeited by misbehavior. Upon this principle it has been held that the incumbent of a definite term was not removable, except for cause, where the removal was not expressly declared to be exercisable at pleasure. . . . It is fixity of tenure that

destroys the power of removal at pleasure otherwise incident to the appointing power. . . . The reason of this rule is the evident repugnance between the fixed term and the power of arbitrary removal.' "

It has likewise been held that an officeholder with a fixed term cannot be removed except for cause, and the court stated the rule as follows: "We have not found any case where an officer who was appointed for a fixed term (and when the power of removal was not expressly declared by law to be discretionary) has been held to be removable except for cause, and wherever cause must be assigned for the removal of the officer he is entitled to notice, and a chance to defend. . . . [I]n the absence of such power [of removal] given in express words, the presumption must be that the Legislature intended that every officer appointed for a fixed period should be entitled to hold his office until the expiration of such period, unless removed therefrom for cause after a fair trial." *Hallgren* v. *Campbell,* 82 Mich. 255, 261, 262, *State ex rel. Ballmer* v. *Strever,* 93 Neb. 762, 763.

The mayor offered no cause for the attempted removal of Doherty as the word "cause" is defined legally. "The phrase 'for cause' in this connection means for reasons which the law and sound public policy recognize as sufficient warrant for removal, that is, legal cause, and not merely cause which the appointing power in the exercise of discretion may deem sufficient. It is implied that officers may not be removed at the mere will of those vested with the power of removal, or without any cause. Moreover, the cause must relate to and affect the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public." 43 Am. Jur. 47,

Public Officers, § 205. There appeared to be no incompatibility of offices as defined by our court: "Incompatibility is apparent when the holder of one office is subordinate to or has supervision over the other, or has the power of appointment, removal, or punishment of that other, or the audit of his accounts, or the regulation of his compensation. . . . *Magie* v. *Stoddard,* 25 Conn. 565, while attempting no general definition, affords a clear example of incompatibility—between the offices of constable and justice of the peace." *State ex rel. Schenck* v. *Barrett,* 121 Conn. 237, 243.

No notice of any kind was given to Doherty of an opportunity to be heard, as set forth in 37 American Jurisprudence 869, Municipal Corporations, § 241, where it is said: "In a number of the states it is provided by statute or by the Constitution itself that certain municipal officers cannot be removed without a specification of the cause and an opportunity to be heard in their own defense. Even in the absence of such express provision it is well settled by the weight of authority that a municipal officer who has under the law a fixed term of office, and who is removable only for definite and specified causes, cannot be removed without notice of the charges against him and an opportunity to make defense to them, and the same is generally held to be true, in the absence of the positive mandate of the statute, where a municipal officer is elected or appointed for a fixed term, and provision is made generally for his removal for cause. There are also decisions to the effect that when a municipal officer is elected or appointed for a definite term and the statutes do not provide whether he is removable at pleasure or only for cause, he is entitled to hold his office until the expiration of his term unless removed therefrom for a sufficient cause and upon the preferment of specific charges and an opportunity to be heard in his

own defense." See also *Thompson* v. *Troup,* 74 Conn. 121, where the defendant attempted to remove the plaintiff from his employment without assigning any cause for the removal in the face of a charter which forbade removal except for sufficient cause, duly shown. The court held that the removal was invalid since the plaintiff could only be removed for "sufficient cause duly shown." The court stated (p. 123): "By the words 'duly shown,' it is implied that opportunity shall be given before the removal for a hearing as to the sufficiency of the cause. . . . None having been afforded, the order of removal, under . . . the charter, was 'null and void.' "

Section 13 of the charter provides as follows: "The Mayor within thirty days after assuming the duties of his office, shall appoint a corporation counsel, a health officer, a tax collector, a street commissioner who shall also be a tree warden, a police commissioner, a fire commissioner, a commissioner of charities, sinking fund commissioners, a building inspector and a sealer of weights and measures, each of whom shall hold office until the first Monday of January next succeeding the next biennial city election and until their respective successors are appointed and qualified. The Mayor shall also appoint the assessors as hereinafter provided. The Mayor is vested with authority to remove any officer of said city appointed by him, for any cause that shall seem to said mayor sufficient, of which cause said mayor shall be sole judge, and his actions shall not be subject to review by any court or other tribunal except in the case of the city clerk." The power of removal in this section pertains to the direct appointment by the mayor of those officers delineated therein, i.e., corporation counsel, health officer, tax collector, street commissioner, etc., all of whom are municipal officers directly appointed by the mayor, without any other approval required.

These officials are directly appointed by him without any approval required from the board of aldermen or any other board, and the charter specifically grants him the right of removal. This section was created several years ago and revised on July 1, 1947. The statute authorizing the creation of local redevelopment agencies and the ordinance pertaining to redevelopment agencies adopted in Derby in 1956, nine years after the foregoing, do not provide a right of removal.

The relator Michael Doherty is entitled to be a member of the Derby redevelopment agency, and judgment may enter accordingly.