[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#153
On October 26, 1992, the plaintiff, James Gallagi, a passenger in a car driven by Kevin Hickey, was injured when the car abruptly hit a utility pole eight to twelve inches from the roadside curb. Subsequently, the plaintiff brought a five-count complaint seeking relief for damages suffered as a result of this accident. In the second count of the complaint, the plaintiff alleges that the defendant, Northeast Utilities ("the defendant"), was negligent and careless in installing the pole in such close proximity to the public highway and that the defendant neglected to erect guardrails or other protective or warning devices around the utility pole. In the third count, the plaintiff alleges that the actions of the defendant constituted a nuisance. The defendant has moved for summary judgment on the second and third counts.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact . . ." Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 380, (1998). CT Page 1629
The defendant moves for summary judgment on the second count on the ground that, as a matter of law, the defendant does not owe a duty of care to the plaintiff. The plaintiff objects to the motion for summary judgment and argues that a determination of the duty owed the plaintiff must be made on a case by case factual basis and thus is inappropriate for summary judgment.
In Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 663-64, 691 A.2d 1107
(1997), the Appellate Court held that the defendant in that case did not owe the plaintiff a duty as it was not foreseeable that the plaintiff would strike the telephone pole during the ordinary course of travel on the public highway. In Pion there was evidence establishing that the plaintiff veered off the traveled road and struck a pole some distance from the roadway.[1] In addition, the pole was separated from the road by a strip of grass and some trees. Id., 659, 662.
Here, the plaintiff has admitted that the pole in question is eight to twelve inches from the traveled portion of the roadway. (Plaintiff's Memorandum in Support of Motion for Summary Judgment, Ex. 4: Responses to Requests for Admissions.)
The Pion court refused to overturn the trial court's finding that the pole struck by the plaintiff was outside the ordinary course of travel. Id., 662. See also Mancaniello v. Guile,25 Conn. Sup. 398, 401, 206 A.2d 477 (1964). The court relied on the testimony of Daniel Turner, the plaintiff's friend and eyewitness to the accident. Turner testified that he and the plaintiff had ridden on that road on many occasions but that neither had ridden on the shoulder or grass and that the trees and grass on the side of the road would make riding there impossible. Pion v. SouthernNew England Telephone, supra, 44 Conn. App. 662. The plaintiff did not produce any contradictory evidence. Id.
Here, the evidence submitted by the defendant supports a similar finding that the pole was in a location outside the ordinary course of travel. Linda Bennett, liability claims manager for a subsidiary of the defendant, attested that the pole has been in the exact location at least since 1952, the accident underlying the present action is the only reported incident of a vehicle striking the pole and the pole has never required replacement. (Memorandum in Support, Ex. 6, ¶¶ 6, 10, 11). Furthermore, the driver of the vehicle in which the plaintiff was CT Page 1630 injured had, on previous occasions, frequently traveled down the identical highway. The driver was aware of the location of poles lining the street and had never previously veered off the road. (Memorandum in Support, Ex. 1: Deposition of Kevin Hickey, pp. 47-48.) The plaintiff has submitted no evidence disputing these facts.[2] Taken cumulatively, the evidence shows that the pole, eight to twelve inches away from the curb, was outside the ordinary course of travel. Based on the holding in Pion, the defendant did not owe a duty of care to the plaintiff. See alsoColgan v. Southern New England Telephone Co., Superior Court, judicial district of New London at New London, Docket No. 531588 (October 1, 1997) (Handy, J.). The motion for summary judgment on the second count is granted.
The defendant moves for summary judgment on the ground that, as a result of the holding in Pion, the plaintiff cannot recover on a negligent nuisance cause of action as a matter of law. The plaintiff argues that he has alleged a cause of action based on absolute nuisance and thus it is up to the trier of fact to determine whether the defendant's actions constituted an absolute nuisance.
Because the defendant owed no duty to the plaintiff underPion, the plaintiff cannot, as a matter of law, recover for negligent nuisance. If, however, the plaintiff alleges absolute nuisance in count three, then a question of fact exists which should be determined by the trier of fact. See Tomasso Bros.,Inc. v. October Twenty-Four, Inc., 221 Conn. 194, 197,602 A.2d 1011 (1992).
A nuisance exists if: (1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property; (2) the danger created is a continuing one; (3) the use of the land is unreasonable or unlawful and (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages. State v. Tippetts-Abbet-McCarthy-Stratton,204 Conn. 177, 183, 527 A.2d 688 (1987). To allege an absolute public nuisance, the plaintiff must also ultimately establish: (1) that the condition or conduct complained of interfered with a right common to the general public; and (2) that the alleged nuisance was absolute, that is, that the defendant's intentional conduct, rather than its negligence, caused the condition deemed to be a nuisance. Id. "Intentional, in this context, means not that a wrong or the existence of a nuisance was intended, but that the creator of [it] intended to bring about the conditions which are CT Page 1631 in fact found to be a nuisance." (Citations omitted; internal quotation marks omitted.) Green v. Ensign-Bickford Co.,25 Conn. App. 479, 490, 595 A.2d 1383 (1991).
Construing the complaint in a manner most favorable to the non-moving party, the plaintiff has alleged absolute nuisance. The plaintiff has alleged the four basic elements constituting a nuisance. The plaintiff has alleged that he was injured while traveling on a public highway and thus alleged interference with a public right to travel. Moreover, while the plaintiff does not specifically allege that the defendant acted intentionally in creating a nuisance, the plaintiff does allege that the defendant "designed, erected, and/or maintained said utility pole." (Complaint, third count, ¶ 5.) Thus, the plaintiff has alleged "intent" as defined in Green. Accordingly, the plaintiff has alleged the two additional elements that constitute a claim of absolute public nuisance.
The defendant contends that the plaintiff cannot prove natural tendency to create danger, unreasonable use of land or interference with a public right. "Whether the elements necessary to establish a claim of nuisance have been proven is . . . a question of fact which is ordinarily determined by the trier of fact." (Internal quotation marks omitted.) Tomasso Bros., Inc. v.October Twenty-Four, Inc., supra, 221 Conn. 197. See also Colganv. Southern New England Telephone, supra, Superior Court, Docket No. 531588; Turner v. City of New London, Superior Court, judicial district of New London at New London, Docket No. 515539 (February 24, 1992) (Mihalakos, J.). The motion for summary judgment on the third count is denied.
_________________ DEAN, J.