TOMASSO BROTHERS, INC. *v.* OCTOBER
TWENTY-FOUR, INC., ET AL.
(14249)

PETERS, C. J., SHEA, GLASS, COVELLO and BORDEN, Js.

Argued January 8—decision released February 18, 1992

*Peter J. Zagorsky,* for the appellants-appellees
(defendants).

*John H. Forniciari,* with whom were *James H.
Throwe* and, on the brief, *Stephen J. Anderson,* for the
appellee-appellant (plaintiff).

PETERS, C. J. The central issue in this appeal is the
propriety of the terms of an injunction issued to protect

a property owner from a nuisance arising out of the illegal use of neighboring property. The plaintiff, Tomasso Brothers, Inc., brought an action against the defendants, October Twenty-Four, Inc. (October Twenty-Four) and A. Aiudi and Sons (Aiudi),[1] alleging that the defendants' operation of a quarry on land abutting the plaintiff's property violated applicable zoning regulations and constituted a nuisance rendering the plaintiff's land unmarketable for its permitted use as a technology park zone under the zoning regulations of the town of Plainville. After the filing of responsive pleadings challenging the validity of the plaintiff's allegations and raising a number of special defenses, the case was tried to the court. The court rendered a judgment for the plaintiff, awarding only nominal damages but enjoining the defendants' operation of the quarry ten days after approval of the plaintiff's plan for a technology park development by the town authorities. The defendants appealed to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023. We remand for further proceedings.

The memorandum of decision reveals the following facts. The plaintiff and the defendant October Twenty-Four are abutting landowners in Plainville. October Twenty-Four owns lot number 20-A-14, which is

---

[1] The defendant A. Aiudi and Sons is a partnership whose members are Eugene Aiudi, Joseph Aiudi and Elmo Aiudi. The individual partners are officers and principal shareholders of the defendant October Twenty-Four, Inc.

The plaintiff's original complaint also included a count charging that the defendant Plainville planning and zoning commission had failed to carry out its statutory duties. The plaintiff withdrew that count after a ruling by the trial court granting a motion by the planning and zoning commission to dismiss the action against it for lack of subject matter jurisdiction. Although the plaintiff gave notice of its intent to appeal the trial court's ruling, that issue has been finally adjudicated. While the present appeal was still pending before the Appellate Court, that court dismissed, on procedural grounds, a cross appeal by the plaintiff insofar as it sought review of the trial court's order concerning the planning and zoning commission.

wholly situated in a residential zone. Three years before the plaintiff bought its property in 1988, the zone for that property had been changed from a quarry zone to a technology park zone.

The defendant Aiudi, with the consent of the defendant October Twenty-Four, has for many years been engaged in operating a trap rock quarry on lot number 20-A-14, and expects to continue in that endeavor for a signficant period of time. The excavation of trap rock from the quarry involves drilling, blasting and loading. In 1989, 180,000 tons of trap rock were removed from this site. The removal of the trap rock involves blasting at two week intervals except during the winter months. The defendants' quarrying operations can be heard and seen from the plaintiff's property.

The trial court found that the defendants' operation of the quarry was a common law nuisance, in large part because a quarry is not a permitted use in a single family residence zone. It did not pursue the extent to which various municipal rulings might have contributed to the defendants' conduct of their business, but concluded that the defendants' use of their property was both unlawful and unreasonable. Relying on the actual impact of the defendants' operation on the plaintiff's use of its property; see *Herbert* v. *Smyth,* 155 Conn. 78, 83, 230 A.2d 235 (1967); and taking into account the plaintiff's development plans for an office park with a hotel, the court determined that the plaintiff had been irreparably harmed and had no adequate remedy at law. The court therefore undertook to frame an appropriate order for equitable relief. From this judgment, the defendants have appealed.

The defendants' appeal raises three issues. They challenge: (1) the determination that their activities constitute a nuisance; (2) the validity of an evidentiary

ruling excluding certain testimony that the trial court found had arisen out of settlement negotiations; and (3) the granting of injunctive relief to the plaintiff and the terms of the injunctive order.[2] The plaintiff's cross appeal also takes issue with one of the terms of the injunctive order.

I

There is no merit to the defendants' challenge to the trial court's determination that the quarry is a nuisance. In order to establish its claim of nuisance, the plaintiff had to prove the existence of the following four elements: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damages. *Filisko* v. *Bridgeport Hydraulic Co.,* 176 Conn. 33, 35–36, 404 A.2d 889 (1978); *Kostyal* v. *Cass,* 163 Conn. 92, 99–100, 302 A.2d 121 (1972); *Heilig* v. *LeQuire,* 4 Conn. App. 125, 127, 492 A.2d 542 (1985)." (Internal quotation marks omitted.) *State* v. *Tippetts-Abbett-McCarthy-Stratton,* 204 Conn. 177, 183, 527 A.2d 688 (1987). The trial court concluded that the plaintiff had met its burden of proof.

"Whether the elements necessary to establish a claim of nuisance have been proven is . . . a question of fact which is ordinarily determined by the trier of fact. *Filisko* v. *Bridgeport Hydraulic Co.,* [supra, 36]." *Couture* v. *Board of Education,* 6 Conn. App. 309, 314, 505 A.2d 432 (1986). In this appeal, the defendants have not contested the illegality of the operation of a quarry

[2] The defendants have not pursued on appeal their jurisdictional claim that the plaintiff was required to exhaust its administrative remedies before seeking injunctive relief. The trial court correctly rejected this contention. *Cummings* v. *Tripp,* 204 Conn. 67, 79–80, 527 A.2d 1230 (1987).

in a residential zone. We may thus take the third element of a nuisance action as essentially uncontroverted. With respect to the remaining elements, the defendants have failed to present any persuasive argument that the trial court's findings of fact were clearly erroneous.

## II

The defendants' evidentiary claim challenges the propriety of the trial court's granting of a motion in limine filed by the plaintiff. The plaintiff's motion asked the court to exclude the testimony of certain witnesses regarding meetings held between principals for both parties and the Plainville planning and zoning commission. The plaintiff alleged that the conversations to which these witnesses might be called to testify had arisen in the context of settlement negotiations. Agreeing with this characterization of what had transpired, the trial court granted the plaintiff's motion.

"The general rule that evidence of settlement negotiations is not admissible at trial is based upon the public policy of promoting the settlement of disputes." *Jutkowitz* v. *Department of Health Services,* 220 Conn. 86, 97, 596 A.2d 374 (1991); *Simone Corporation* v. *Connecticut Light & Power Co.,* 187 Conn. 487, 490, 446 A.2d 1071 (1982); *Nearing* v. *Bridgeport,* 137 Conn. 205, 209, 75 A.2d 505 (1950); *Stranahan* v. *East Haddam,* 11 Conn. 507, 512–19 (1836); *Hartford Bridge Co.* v. *Granger,* 4 Conn. 142, 148 (1822). An offsetting principle holds that an admission of fact is competent evidence, even though the admission was made in settlement negotiations, "where the statement was intended to state a fact . . . ." *Simone Corporation* v. *Connecticut Light & Power Co.,* supra. "The test is whether the party making the admission intended to concede a fact hypothetically for the purpose of effecting a compromise, or to declare a fact really to exist."

*Evans Products Co.* v. *Clinton Building Supply, Inc.,* 174 Conn. 512, 517, 391 A.2d 157 (1978). If it is unclear whether the statement of a declarant was intended to promote the negotiation of a settlement or to constitute a factual admission of liability, the statement is inadmissible. *Simone Corporation* v. *Connecticut Light & Power Co.,* supra; *Danahy* v. *Cuneo,* 130 Conn. 213, 215–17, 33 A.2d 132 (1943); C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 11.5.4 (b).

The defendants have not sustained their burden of showing impropriety in the trial court's factual finding; *Evans Products Co.* v. *Clinton Building Supply, Inc.,* supra, 518; that the disputed testimony arose in the context of settlement negotiations. The court permitted the defendants to introduce evidence in support of their contention that the statements constituted admissions of persons who were associates of the plaintiff as its agents or as joint venturers. The court was not required to find that testimony so credible and probative that it rebutted the settlement context in which these conversations apparently took place. At best, the defendants' arguments demonstrate some doubt about the proper characterization of the disputed testimony. As we noted in *Simone Corporation* v. *Connecticut Light & Power Co.,* supra, the public policy of promoting settlements requires such doubt to be resolved in favor of the inadmissibility of the relevant evidence.[3]

[3] Under the Federal Rules of Evidence, all statements made during settlement negotiations are inadmissible. Fed. R. Evid. 408. C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 11.5.4 (b), p. 337, comments that the distinction, in the Connecticut cases, "between assumed or hypothetically stated facts and those not prefaced by such hedging phrases is tenuous, easy to state in theory but difficult to apply in practice. Extending the exclusionary rule to cover all statements would both remove a trap for the unwary and further the rule's underlying policy favoring settlement." In this case we need not reach the question whether such an extension is appropriate under Connecticut law.

### III

The crux of the dispute between the parties on this appeal is the contention that the trial court abused its equitable discretion in granting injunctive relief to the plaintiff. The defendants maintain that the trial court should not have found that the plaintiff had suffered irreparable harm, should have assigned more weight to the hardship and harm that an injunction would impose upon the defendants, and should have framed any injunctive order with less onerous terms. The plaintiff urges us to amend the terms of the injunctive order so as to make it immediately effective. We have decided that we should not presently adjudicate these claims.

In its memorandum of decision describing the basis for its injunctive order, the trial court placed considerable emphasis on the fact that the plaintiff's plan for development of its property called for the construction of a hotel. The court analyzed the injury visited on the plaintiff by the defendants' quarry operations by considering the potential impact of those operations on a residential hotel. Further, the terms of the court's injunctive order require the defendants to cease their quarrying activity "within ten (10) days after the Plaintiff's plan of development for a technology park development is approved" but not if the development plan is "approved for only industrial or light industrial development."

We are now confronted by an intervening event that the trial court had no opportunity to consider. The defendants have submitted to this court information that the plaintiff has applied to the town of Plainville to make a "minor change in the original site plan application" by "the deletion of the originally proposed 100-room hotel and the addition of a four-story office building in its place." The plaintiff has not directly con-

tested the authenticity of this information, although it urges us to dismiss its implications as misleading and hearsay. At oral argument in this court, the plaintiff maintained that the contemplated change in its site plan casts no shadow on the merits of the trial court's exercise of its equitable discretion. We disagree.

In substance, although not in form, this appeal in its present posture resembles other cases in which supervening events have caused this court to decline, on grounds of mootness, to give an opinion that would be advisory rather than adjudicative. An analogous case is *Kofkoff Egg Farms, Ltd.* v. *Johnson,* 188 Conn. 141, 448 A.2d 826 (1982), in which this court was asked to consider the merits of a trial court's decision denying an application for mandamus because of the pendency of a related administrative proceeding. By the time the appeal from that denial was heard in this court, the administrative appeal had been resolved in favor of the party seeking mandamus. We concluded that the merits of the trial court's order had become unreviewable, even though "this is not the ordinary case of mootness in which the appeal is dismissed because the aggrieved party can derive no benefit from an order of this court. See, e.g., *Waterbury Hospital* v. *Connecticut Health Care Associates,* 186 Conn. 247, 250, 440 A.2d 310 (1982); *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union,* 177 Conn. 17, 20, 411 A.2d 1 (1979); *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944). We understand that the plaintiffs continue to have a real and lively interest in the issuance of the building permit that they have sought since February, 1980. Nonetheless we are confronted with a situation in which their appeal is from a judgment based on a factual predicate that no longer exists. It would be pointless for us now to review whether the trial court was correct in denying the plaintiffs' application for mandamus because of the pending administrative

appeal. There is no longer any pending administrative appeal; instead we have a final judgment in the plaintiffs' favor. This case is moot for the same reason as are cases involving an injunction that has expired; *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union,* supra; a zoning regulation that has expired; *Rosnick* v. *Zoning Commission,* 172 Conn. 306, 308–309, 374 A.2d 245 (1977); or a statute that has been amended. *DelMastro* v. *Liquor Control Commission,* 146 Conn. 740, 741, 154 A.2d 241 (1959)." *Kofkoff Egg Farms, Ltd.* v. *Johnson,* supra, 144–45.

We recognize that, in this case as in *Kofkoff Egg Farms, Ltd.,* the plaintiff has not abandoned its claim to injunctive relief. It is equally incontrovertible that appellate review of the issuance of an injunction is ordinarily limited to a determination of whether the trial court abused its discretion in its assessment of the injury of which the plaintiff complains and the burden that an injunctive order will impose on the defendant. *Anderson* v. *Latimer Point Management Corporation,* 208 Conn. 256, 262–63, 545 A.2d 525 (1988); *Cummings* v. *Tripp,* 204 Conn. 67, 90–91, 527 A.2d 230 (1987).

Here, as in *Kofkoff Egg Farms, Ltd.,* however, it would be pointless for us to undertake a review of the trial court's balancing of the equities and its framing of an order for equitable relief when the predicate for the trial court's fact-bound exercise of its equitable discretion may no longer exist. We have no way of ascertaining the extent to which the plaintiff's proposal for a revised plan of development differs from that presented to the trial court. We conclude that the prudent course is to remand this case to the trial court to reexamine the equitable considerations relevant to the exercise of its discretion in light of this uncontemplated change in circumstances.

Without limiting the scope of the trial court's authority upon remand, we deem it likely that the trial court will want to consider evidence about the impact of the defendants' quarry operations on the plaintiff's new plan of development. Taking into account whatever circumstances it deems relevant, the trial court should then exercise its equitable discretion to reexamine the plaintiff's claim for injunctive relief and the obligations that an injunctive order imposes upon the defendants.

The judgment is set aside and the case is remanded to the trial court for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.