[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE SECOND COUNT
This is a two count amended complaint against the defendant, Wadsworth Atheneum, seeking damages for injuries allegedly sustained by the plaintiff when she fell upon a step as a result of overcrowding at the entrance way to the museum. The first count sounds in negligence. In the second count the plaintiff alleges that the condition created by the defendant had a natural and inevitable tendency to cause injury to members of the public in general, including the plaintiff, and constituted a nuisance.
Defendant has moved to strike the second count on the grounds that the plaintiff cannot maintain a cause of action for private nuisance because she has not alleged an injury in relation to a right enjoyed by reason of an ownership interest in land, and the plaintiff cannot maintain a cause of action for public nuisance because she has failed to allege facts demonstrating that she was entering the Wadsworth Atheneum as a matter of public right.
A motion to strike challenges the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108,431 A.2d 368 (1385). In deciding a motion to strike, the court is limited to the facts alleged in the pleading which is the subject of the motion to strike; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (188); and must view those CT Page 7341 factual allegations in the light most favorable to the pleader. Ferryman v. Groton, 212 Conn. 138, 146 (1989).
In order to establish a claim of nuisance, a plaintiff must prove:
 "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damages . . . . "
Tomasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194,197 (1991), quoting state v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 183 (1987). In a case where absolute public nuisance is alleged, a plaintiff must also prove: "(1) that the condition or conduct complained of interfered with a right common to the general public;. . . and (2) that the alleged nuisance was absolute, that is, that the defendants' intentional conduct, rather than their negligence, caused the condition deemed to be a nuisance." State v. Tippetts-Abbett-McCarthy-Stratton, supra.
Nuisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public . . . . [I]f the annoyance is one that is common to the public generally, then it is a public nuisance . . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence . . . . Couture v. Board of Education, 6 Conn. App. 309,314-15 (1986). Whether the elements necessary to establish a nuisance claim have been proven is a question of fact which is usually determined by the trier of fact. Tomasso Bros., Inc. v. October Twenty-Four, Inc., supra; see Couture v. Board of Education, supra, 314.
The plaintiff alleges that the Wadsworth Atheneum "was open to the general public, and invited the general public including the Plaintiff . . ., to patronize said facility and at all times held itself out as a safe place for the public to use its CT Page 7342 museum, entertainment and educational facilities." (Second Count, par. 1). The plaintiff further alleges that she entered the Wadsworth Atheneum and was "a patron, customer or otherwise invitee" (par. 2). The plaintiff alleges that the defendant's creation or allowance of a dangerous condition on the premises had a natural and inevitable tendency to cause injury to the plaintiff "and to members of the public in general and this condition . . . constituted a nuisance . . . to those patrons on said premises and in particular to the Plaintiff, . . . and the Defendant knew or should have known that such condition . . . was one which involved an unreasonable risk of serious injury to the patrons and to the Plaintiff in particular." (par. 12). The plaintiff further alleges that the conduct of the defendant "interfered with the rights common to the general public of which the Plaintiff . . . was a member." (par. 13).
Defendant argues that although the plaintiff was unquestionably welcome to enter the Wadsworth Atheneum, she was not entitled to do so by virtue of any public right. However, if we view the language in the second count in a light most favorable to the plaintiff, it would appear that plaintiff has alleged that she was entitled to enter by virtue of a public right. Because proof of that element of the plaintiff's nuisance claim is a factual isssue [issue], it would require consideration of additional facts not alleged in the pleadings, but that is in the province of the trier of fact.
Motion to strike the second count of the amended complaint is denied.
Wagner, J. CT Page 7343