[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS (#114)
I. FACTS
The plaintiffs, various officials and residents of CT Page 7826 Middletown, brought suit against numerous state officials to prevent the state from locating a halfway house at Dutton Home on the campus of the Connecticut Valley Hospital. The halfway house was to be used by persons convicted of various crimes who were deemed suitable for the alternative incarceration program. The plaintiffs were successful in obtaining a temporary injunction preventing the placement of the halfway house. Upon locating the halfway house in New Haven because of the opposition in Middletown, the state now moves to dismiss the action on the ground that it is now moot. The plaintiffs contend that the action is not moot, and that in any event an exception to the mootness doctrine is applicable and thus the action is justiciable.
II. DISCUSSION
"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to . . . jurisdiction; it is not the province of . . . courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. Grace Community Church v. Bethel, 30 Conn. App. 765,769 (1993). "Courts are without jurisdiction to review moot issues." Id. "[T]his court has no jurisdiction to give advisory opinions." Papagorgiou v. Anastosopoulous, 29 Conn. App. 142,146 (1992).
The plaintiffs argue that the decision to place the halfway house in New Haven does not render this action moot because: 1) the state may, at some indeterminate time in the future, decide to put a halfway house in Dutton Home; 2) the temporary injunction proscribing the placement at Dutton Home covered any agreement between the state and the corporation running the halfway house, not just the present agreement; and 3) the temporary injunction prevented the state from putting the facility at Dutton Home until there has been compliance with General Statutes Sec. 4b-219 (b).
Plaintiffs' arguments miss the point. There is simply no actual controversy in this case; the state has already found a location for its halfway house, and is no longer seeking to place it at Dutton Home. An order by this court that it could not put the facility there until the statute is complied with would be meaningless. Such an order would be analogus to an advisory opinion, directing the state CT Page 7827 that if it ever wanted to put a halfway house at Dutton Home, it would have to follow proper procedure. Further, it is clear from a careful reading of Judge Walsh's decision granting the temporary injunction that the injunctions were granted in relation to the proposed lease, not a hypothetical future lease. "That statute has not been complied with in the proposed lease and therefore there is reasonable certainty that the plaintiff will prevail on application for permanent injunction." (Emphasis added.) Memorandum of Decision, p. 15. The proposed lease no longer exists. "Because the plaintiff's claim . . . is based on hypothetical facts, we are without jurisdiction to decide this issue." Grace Community Church. supra. Cf. Tomasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194, 210 (1992) (appeal was moot where "appeal is from a judgment based on a factual predicate which no longer exists.") This action is now moot.
Plaintiffs argue, however, that this case fits the exception to the mootness doctrine. A case presenting an issue that is moot is nevertheless justiciable if "it is capable of repetition, yet evading review." (Citation omitted; internal quotation marks omitted.) Grace Community Church, supra. "Where the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration," the exception may apply. Id. The exception cannot possibly apply here; there is no danger of a "duration too short" with this issue, as this litigation amply demonstrates. In invoking the exception, the court considers "the practical difficulties of timely judicial review . . ." Perry v. Perry, 222 Conn. 799, 803 (1992). There are no practical difficulties of judicial review with this issue. If, in the future, the state wished to place a halfway house at Dutton Home without allegedly following statutory procedure, the plaintiffs would have exactly the same remedy they had in case; recourse to the courts for adjudication of the issue in a timely manner.
Thus, this case no longer presents an actual controversy as the state no longer seeks to locate its halfway house at Dutton Home, and is therefore moot. The "capable of repetition yet evading review" exception to the mootness doctrine is inapplicable to this case. While this scenario is capable of repetition, as the plaintiffs fear, it is not capable of evading review, as plaintiffs' success in this case illustrates. CT Page 7828
III. CONCLUSION
For the reasons herein stated, it is the conclusion of this court that the defendants' motion to dismiss ought to be and is hereby granted.
It is so ordered.
ARENA, J.