[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Stephen Hutt, brings this action against the defendant, Leonard Dinardo, seeking an injunction requiring defendant to restore plaintiff's right of way to its condition prior to defendant's construction of improvements within same and an injunction requiring the defendant to prevent the plaintiff's property from being flooded. The plaintiff also sought damages.
The court finds that there exists a right of way appurtenant to plaintiff's property for ingress and egress to and from North CT Page 5944 Avenue over land now or formerly of the defendant, created in a deed from The Iron Ledge Company to the Silliman Company, dated January 31, 1952 and recorded in Volume 1014 at Page 173 of the Bridgeport Land Records.
This instrument contains a clause as follows:
"RESERVING TO THE GRANTOR a right of way for ingress and egress to and from said North Avenue over land below described, for the benefit of land still owned by the Grantor and adjacent northerly to the property bounded and described as follows:
NORTHERLY: by land of the Grantor 118.33 feet;
EASTERLY: by North Avenue 23.42 feet;
SOUTHERLY: by land of the grantor (leased to The Spring Replacement Company) 118.33 feet;
WESTERLY: by land herein conveyed 23,32 [23.32] feet."
A subsequent deed from Thomas De Forest, Inc. (formerly the Iron Ledge Company) to Spring Replacement Company, dated October 31, 1958, and recorded in Volume 1166 at page 600 of the Bridgeport Land Records purports to enlarge the easement as follows:
"TOGETHER with the right to use the land immediately adjacent to the North of the above described premises for the purpose of ingress to and egress from said North Avenue, which land is bounded and described as follows:
NORTHERLY: By land of The Silliman Company, 136 feet, more or less;
EASTERLY: By North Avenue, 23 feet, 6 inches, more or less;
SOUTHERLY: By land of the Iron Ledge Company, now Thomas DeForest, Inc., herein conveyed, 136 feet, more or less;
WESTERLY: By land of The Silliman Supply Company, 23 feet, 6 inches, more or less."
The northerly and southerly boundaries of the easement can not be extended from 118 feet to 136 feet by a subsequent deed from the CT Page 5945 predecessor in title to The Iron Ledge Company. One can not grant an easement over land that has been conveyed to a third party. There appears to be no dispute that the width of the right of way is 23.42 feet.
The defendant raises the issue that if a predecessor in title failed to recite the right of way in a deed to a successor the right of way lapses and subsequent attempts to resurrect the right of way must fail.
The deed from Spring Replacement Company to Spring Building Corporation, dated January 1, 1970 and recorded in Volume 1440 at Page 539 made no specific reference to the right of way. The deed, however, does expressly grants the land. . . . "with the privileges and appurtenance thereof unto the said grantee, its heirs, successors and assigns forever. . .".
Our courts have held that the phrase "with all the appurtenances" is sufficient for the passage of an appurtenant easement, although it is not otherwise described. Chaput v.Clarke, 26 Conn. App. 785; Blanchard v. Maxson, 84 Conn. 429.
The court finds that a right of way exists for ingress and egress over land now or formerly owned by the defendant in the dimensions set forth in the deed recorded in Volume 1014 at page 173.
The plaintiff seeks an injunction requiring the defendant to restore the right of way to its condition prior to defendants construction of a commercial building on its property. The defendant in improving his property raised the grade in order to comply with city of Bridgeport Regulations. The raising of the grade prevents the plaintiff from the convenient use of a door adjacent to the right of way.
The court does not read into the easement anything more than the right of way for ingress and egress to and from North Avenue. By granting an easement, a grantor conveys to the Grantee only that which is specifically expressed in the document and retains all use of the land not inconsistent with the Grantees use and enjoyment of the easement. Connecticut Light and Power v. Holson Co.,185 Conn. 436 (1981) (emphasis added). There is no claim of an easement by prescription or adverse possession.
It is reasonable for the court to conclude that it was not the CT Page 5946 intention of the parties in 1952 to restrict the defendant from (1) improving his property as he has by paving the right of way and by the construction of commercial stores on his property, or (2) to provide the plaintiff with a convenient and accessible access to the interior of plaintiff's building, via a door which abuts the right of way. The use of an easement must be reasonable and as little burdensome to the servient estate as the nature of the easement and the purpose will permit. Somers v. LeVasseur,230 Conn. 560, 564 (1994).
The court viewed the site the day after trial in the company of the attorneys for both the plaintiff and defendant.
Both sides, in their post trial briefs, agreed that in order to establish a nuisance the plaintiff must prove that
 "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property;
(2) the danger created was a continuing one;
 (3) the use of the land was unreasonable or unlawful; and
 (4) the existence of the nuisance was a proximate cause of the Plaintiff's injuries or damages."
State v. Tibbetts-Abbett-McCarthy-Stratton, 204 Conn. 177 (1987);Tomasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194,197 (1992).
See also Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33
(1978).
The plaintiff claimed that after the defendant completed the improvements on his property, rain water would leak into a corner of plaintiff's building. The defendant maintained that his plan for the improvements were approved by the various agencies of the city of Bridgeport. Defendant stated the eight to ten inches grade increase was mandated by city agencies. Defendant claims that he has constructed proper catch basins on his property and has sloped the driveway away from plaintiff's building. It was clear from the evidence and the court's viewing of the property that plaintiff has, CT Page 5947 a gutter system which discharges water directly onto defendant's property. Neither party provided any expert testimony regarding drainage.
Plaintiff also claims that defendant's tenant permits its customers vehicles to speed within the right of way. Plaintiff also maintains that cars are parked and often repaired within the right of way area. Defendant testified that he has a standing order to have cars removed from his property if they are on site after the close of business hours. The court observed that the right of way is not conducive to speeding.
At the conclusion of the plaintiff's evidence the court granted the defendant's motion for judgment on the issue of damages. No evidence of damages was offered by plaintiff.
The court finds for the plaintiff with respect to the existence and location of the right of way.
The court, however, denies the plaintiff's application for injunctive relief.
Dated at Bridgeport, Connecticut this 23rd day of May, 1995.
RICHARD J. TOBIN, JUDGE