[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
In this case where the plaintiffs request a temporary injunction, the evidence presented at the hearing was substantially more graphic than the language of the complaint. From the evidence produced the court finds that the following facts were established. CT Page 5099
I.
Newton Road in Branford is an unpaved private dead-end street. The plaintiffs live at #42 in close proximity to #34 which is the home of the defendant Bethel Pond. About two years ago Bethel Pond's minor grandson, the defendant Daniel M. Pond and his friend, the minor defendant David J. Tobey began to utilize Bethel Pond's property for the servicing and repair of all-terrain vehicles accompanied by loud music. Daniel and David together with other friends, have been driving the all-terrain vehicles on Newton Road in a manner that is dangerous to the residents, especially young children. When operated, the all-terrain vehicles make deafening noises and emit smoke and fumes. Except when Daniel and David are in school, they and their friends have operated the all-terrain vehicles on Newton Road for several hours at a time.
The defendant Michael D. Pond is the son of Bethel and the father of Daniel. The defendant Diane Lee Tobey is the mother of David. Both have been made parties because of their status as parents. Michael Pond was identified, however, as the person who brought the all-terrain vehicles to Newton Road daily and who removed them from Bethel Pond's property, except for one small one, in order to prevent the Branford Police from checking their decibel levels.
In addition to complaints about the all-terrain vehicles, the plaintiffs are also concerned with overly bright lights and loud music at Bethel Pond's property and with sarcastic and vulgar language used in general as well as being directed to them by Daniel and David. The plaintiff Irene Pahlsson works at home transcribing and proofreading medical tapes. The activity at Bethel Pond's house and especially the noise created by the operation of all-terrain vehicles has interfered with her concentration and ability to work. As a mother, she is extremely fearful that one of her children, aged 10, 8 and 5, will be struck by an all-terrain vehicle. The plaintiff Peter Pahlsson works for Northeast Utilities at its nuclear power plants. He leaves for work at 5 a.m. and does not return until 5 p. m. His work around his home, especially on weekends, is disturbed by the lights, music and the noise and fumes from the all-terrain vehicles which he said were operated continuously even after dark. He, too, is concerned with the safety of his children.
Neighbors from Newton Road testified in favor of the CT Page 5100 plaintiffs. Joseph Penzillo said that the all-terrain vehicles were operated at a high rate of speed, that the operators refused to listen to requests to slow down and that his children [are] afraid to cross the street. His wife, Janet testified that until last month the all-terrain vehicles were operated either every day or every other day. Jennie Simpson said that at times the all-terrain vehicles were driven on Newton Road from 3-8 p. m. as they were used every day after school by Daniel, David and others and on weekends they started at 8 a.m. Connie Mortensen who works at home as bookbinder stated that the all-terrain vehicles were operated almost continuously even on school days. Richard Barker is at work every day. On weekends, however, he estimated that the all-terrain vehicles were operated on Newton Road at least four continuous hours per day. Mr. Barker also expressed concern for his wife and children who are 8 and 5.
Most, if not all, of the witnesses had complained to Bethel Pond without success. A complaint was made to the Branford Zoning Enforcement Officer who, on March 18, 1996, issued a cease and desist order citing § 41, 41.2 and 41.3 of the zoning regulations. The plaintiffs and their witnesses agree that since the zoning order was issued things are much better.
The defendants dispute, of course, the recitation of the plaintiffs and other witnesses as to what has occurred on Newton Road. The defendants also claim a prescriptive easement to operate all-terrain vehicles on the unpaved private street based upon prior activity of the husband of Bethel Pond who died in 1993 and the defendant Michael D. Pond both of whom used to ride all-terrain vehicles up and down Newton Road. Further, the defendants question the plaintiffs' ability to obtain an injunction because of the existence of the cease and desist order and their compliance therewith.
II.
It must be appreciated that the relief at issue here is whether only a temporary injunction should issue; the parties having reserved until a later date the propriety of permanent injunctive relief. See Doublewal Corporation v. Toffolon,195 Conn. 384, 392 (1985). "A temporary injunction is a preliminary order of court granted at the outset or during the pendency of an action, forbidding the performance of the threatened acts described in the . . . complaint until the rights of the parties respecting them shall have been finally determined by the court." CT Page 5101Deming v. Bradstreet, 85 Conn. 650, 659 (1912); Bridgeport Heraldv. Lower Fairfield County Newsdealers Assn., Inc., 22 Conn. Sup. 111,116-17 (1960). The principal purpose of a temporary injunction is to preserve the status quo until the rights of the parties can be determined after a hearing on the merits. In deciding whether such an injunction should issue, the court must balance the results that may be caused to each party. If the denial of the injunction may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting it unless it is very clear that the plaintiff is with out legal right. Olcott v.Pendleton, 128 Conn. 292, 295 (1941).
Whether the activities complained of constituted a nuisance at least before the issuance of the zoning cease and desist order presents a question of fact. Tomasso Bros. Inc. v. OctoberTwenty-Four, Inc., 221 Conn. 194, 197 (1992). Four elements here to be proved: (1) that "the condition complained of had a natural tendency to create danger and inflict injury upon person or property"; (2) that "the danger created was a continuing one"; (3) that "the use of the land was unreasonable or unlawful"; and that "the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damages"; Id. For the purposes of this preliminary remedy, the court holds that the plaintiffs have met their burden.
The existence of the zoning enforcement officer's cease and desist order and the apparent obedience of the defendants to its structures could be construed to mean that another adequate remedy is available. If the defendants were contesting the cease and desist order there would be no question of the adequacy of the legal remedy. Conto v. Zoning Commission, 186 Conn. 106,114-15 (1982). For the plaintiffs, however, the court is not so certain. It appears that in Connecticut a person specifically and materially damaged by a violation of the zoning ordinances which has occurred or is likely to occur on the land of another may seek injunctive relief restraining such violation without exhausting administrative remedies. Cummings v. Tripp, 204 Conn. 67,74 (1987).
As described by the plaintiffs and their witnesses, the cause of most of the troubles is the operation of the all-terrain vehicles on Newton Road. The "home port" where these vehicles are repaired and serviced is the property of Bethel Pond. Regarding the defendants' claim of a prescriptive easement, the court CT Page 5102 concludes that the testimony of Bethel Pond and Michael Pond given at this preliminary, non-final proceeding, DoublewalCorporation v. Toffolon, supra at 389, did not measure up to the requirements for such an easement. Krohner v. Seyburt AssociatesLimited Partnership, 20 Conn. App. 298, 301 (1989), cert. denied213 Conn. 814 (1990).
III.
The court, therefore, issues a preliminary injunction so that the defendants, their agents servants and employees are, from July 29, 1996 until a further order of court, prohibited from bringing any all-terrain vehicles to Newton Road, allowing them to be or remain on the property on the property of Bethel Pond and operating them on Newton Road. The court finds that the circumstances demonstrate that a bond from the plaintiffs is unnecessary.
Barnett, J.