[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
I. Factual and Procedural Background
On January 11, 1996, the plaintiffs, Bruno H. Ahnert and Norma Ahnert, brought this action against the defendant, Lawrence Getty, which had previously been stricken by the court in the plaintiff's original complaint, alleging nuisance and trespass. On October 21, 1996, the plaintiffs filed an amended complaint realleging the same two counts.
The plaintiffs are individuals residing at 510 Hartford Road, Salem, Connecticut; the defendant is an individual doing business as Getty Granite Company at 489 Hartford Road, Salem, Connecticut.[1] The defendant's property is "across the street and approximately 500 feet from the plaintiffs' home." Since 1988, the Company has been in business continuously at 489 Hartford Road. CT Page 2452
Count one of the plaintiffs' complaint alleging nuisance states that since 1988, the "defendant has permitted and encouraged excessive noise and dust in the operation of his business including the following: (a) the almost constant running of heavy equipment and machinery; (b) constant traffic; (c) production of dust; (d) production of excessive engine exhaust; (e) squealing of brakes and wheels; (f) loading and unloading of tons of rock and stone; (g) parking of trailers and trucks along the road with motors running; (h) the hiss of air brakes, blare of horns and rumble of truck motors."
The plaintiffs complain that "the excessive noise and dust have endangered and will continue to endanger the plaintiffs in the following manner (a) the plaintiffs' sleep is frequently disturbed; (b) conversation is difficult even with all the windows closed; (c) out of door activities are difficult or impossible; (d) watching TV or listening to the radio or stereo is difficult; and (e) the plaintiffs cannot use ventilation provided by open windows."
Paragraph nine of count one states that "the plaintiffs have been injured in their quiet enjoyment of their home and their inability to enjoy the rural surroundings due to the constant noise and constant dust settling in the property." Paragraph ten of count one states that "the plaintiffs' premises have been reduced in value as a result of the defendant's activities as herein before described."
The second count of the plaintiffs' amended complaint alleging trespass states that in the course of the defendant's business a great deal of dust is produced, that the dust settles on the plaintiffs' property, that the defendant knew or should have known that his activities were causing the spread of dust, and that the invasion of dust onto the plaintiffs' property "renders the outdoor premises of the plaintiffs unfit for use and enjoyment and makes it impractical and undesirable for the plaintiffs to open their windows for ventilation."
On February 4, 1997, the defendant filed a motion to strike both counts one and two of the plaintiffs' amended complaint on the ground that both counts failed to state claims upon which relief could be granted. On March 10, 1997, the plaintiffs filed a memorandum in opposition to the motion to strike. On March 14, 1997, the defendant filed a response to the plaintiffs' objection CT Page 2453 to the motion to strike. This court heard oral argument on March 24, 1997. All parties were represented by counsel at that time and given an opportunity to be fully heard.
II. Motion to Strike Specifically
The purpose of a motion to strike is "to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Novametrix MedicalSystems Inc. v. BOC Group, Inc, 224 Conn. 210, 21415, 618 A.2d 25
(1992); Practice Book § 152. "If facts provable under the allegations of a complaint would support a cause of action, the motion to strike must fail." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). A motion to strike must be read in conjunction with Practice Book §§ 108 and 109. Grand EastProperties v. Phillips, Superior Court, judicial district of New Haven at New Haven, Docket No. 364608 (March 4, 1996, Corradino, J.) Practice Book § 108 provides that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies . . . ." Practice Book § 108. Practice Book § 109 provides that "[a]cts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as to fairly apprise the adverse party of the state of facts which it is intended to prove." Practice Book § 109.
III. Discussion
A. Nuisance
In his motion to strike, the defendant argues that the plaintiffs' allegation of nuisance is insufficient to set forth a cause of action because 1) the plaintiffs do not allege that the Company's conduct creates an inherently dangerous condition; and 2) the plaintiffs do not allege that the Company's conduct is unreasonable or unlawful.
"A nuisance . . . describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v. Newman, 213 Conn. 343, 348, 568 A.2d 786
(1990). In order to recover under a nuisance theory, a plaintiff must prove that "(1) the action complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence CT Page 2454 of the nuisance was the proximate cause of the [plaintiffs'] injuries and damage." Tomasso Brothers, Inc. v. October Twenty-Four,Inc., 221 Conn. 194, 197, 601 A.2d 1011 (1992), aff'd230 Conn. 641, 646 A.2d 133 (1994). "Nuisances are characterized as either public or private. An actionable nuisance must contain each of the essential elements of either a public or private nuisance." The Connecticut L P. Co. v. Streckfus, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 545198 (November 16, 1995, Hennessey, J.). "A private nuisance exists only where [a party] is injured in relation to a right which he [or she] enjoys by reason of his ownership interest in land. In the modern authorities private nuisance includes all injuries to an owner or occupier in the enjoyment of the property of which he [or she] is in possession, without regard to the quality of the tenure." (Internal quotation marks omitted; parenthesis omitted. Barr v. Harbor Park Associates,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 126722 (December 22, 1992, Lewis, J.), quoting Webel v. Yale University, 125 Conn. 515, 524, 7 A.2d 215
(1939). "Whether the elements necessary to establish a nuisance claim have been proven is usually a question of fact, unless it is clear that it does not constitute a nuisance as a matter of law." Chromium Process v. Yankee Gas Ser., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 038532 (June 23, 1995 Comerford, J.)
In The Connecticut L P. Co. v. Streckfus, supra, the plaintiff brought an action sounding in nuisance after a transformer, owned by the defendant, leaked oil onto the plaintiff's property. The defendant filed a motion to strike asserting that the plaintiff's complaint did not state a valid cause of action for either a public or private nuisance on the grounds that the complaint failed to allege actions by the defendant which would have a natural tendency to create danger and inflict injury upon a person or property, or that the use of the defendant's land was unreasonable or unlawful; TheConnecticut L. P. Co. v. Streckfus, supra. The plaintiff contended that it had stated a valid cause of action for nuisance in that the complaint asserted that "the plaintiff was the owner of the land which was contaminated as a result of the defendant's actions; [2] that the defendant's actions created environmental damage to that private property owned by the plaintiff; [3] that there was a leakage of oil from the transformer on to the property, which was obviously a continuing problem." Id. CT Page 2455
The court concluded that the plaintiff had alleged facts sufficient to bring a cause of action for private nuisance: "In count four, the plaintiff alleges that the defendant's actions inflicted injury on its property, the injury was a continuing one, the use of the land was unreasonable, and the nuisance was the proximate cause of the injury." Id.
In this case, the court finds that the plaintiffs have stated facts necessary to bring a valid cause of action for private nuisance. The plaintiffs have stated that they have an ownership interest in the affected property. The plaintiffs have alleged injury to land and person in that they have been deprived of the quiet enjoyment of the property and that there has been a diminution in value of the property as a result of the defendant's conduct. The plaintiffs have asserted that the injury is a continuing one in that they have sighted repeated actions by the defendant dating back to 1988. The plaintiffs have arguably asserted the unreasonableness or unlawfulness of the defendant's conduct by alleging that the noise levels emanating from the defendant's land exceed those prescribed by state regulation, as well as asserting that the plaintiffs are unable to either open windows because of dust caused by the defendant or have a conversation in the house because of the noise caused by the defendant. The plaintiffs have also asserted that the defendant's actions were the cause in fact of the plaintiffs' injuries. While the plaintiffs have failed to link legally operative terminology with corresponding fact, the plaintiffs have asserted facts that, when viewed must favorably to the plaintiffs, state a viable cause of action for private nuisance.
Accordingly, the court denies the defendant's motion to strike count one of the plaintiffs' complaint alleging nuisance on the ground that count one alleges a legally sufficient cause of action.
B. Trespass
The defendant next argues that the court should grant his motion to strike count two of the plaintiffs' complaint alleging trespass on the ground that the plaintiffs have failed to allege facts sufficient to satisfy the intent requirement for an actionable claim in trespass.
"In general, trespass is an unlawful intrusion that interferes with another's person or property. Blackburn v.CT Page 2456Miller-Stephenson Chemical Co., Superior Court, judicial district of Danbury, Docket No. 314089 (January 12, 1995, Stodolink, J.). "[A] trespass may be committed on, beneath, or above the surface of the earth [and] the phrase `surface of the earth' includes soil, water, trees, and other growths." Restatement of Law, Torts 2d, Sec. 159. "[A] trespass need not be inflicted directly on another's realty, but may be committed by discharging foreign polluting matter at a point beyond the boundary of such realty." 75 Am.Jur.2d, Trespass, Sec. 56. "In order that there may be a trespass . . . [i]t is enough that an act is done with knowledge that it will to a substantial certainty result in the entry of the foreign matter [on the property]." Restatement of Law, Torts 2d, Sec. 158.
The defendant asserts that the plaintiffs' allegation of trespass in count two of the plaintiffs' complaint fails to allege the requisite intent for actionable trespass. However, the Restatement 2d makes clear that action taken with the substantial certainty that the activity will result in entry of foreign matter on the property of another is actionable trespass. InGrand East Properties v. Phillips, supra, the plaintiff brought an action in trespass alleging that its property was contaminated when substances migrated from the defendant's property on to its property. In denying the defendant's motion to strike the trespass count, the court stated that "[w]hether migration of chemicals, dust particles or other substances on to a neighbor's property constitutes trespass is a complicated question. . . . No reason has been suggested by counsel why a trespass action as such shouldn't lie here will deny the motion to strike as to the third count." Id.
In this case, the plaintiffs assert that "the defendant knew or should have known that significant amounts of dust were settling outside of the defendant's premises, including on the plaintiffs' property," and "the defendant intentionally invaded the plaintiffs' property by his placement of excessive dust thereon." The plaintiffs have satisfied the intent element for an action in trespass.
In viewing the pleadings in the light most favorable to the plaintiffs, the defendant's motion to strike count two of the plaintiffs' complaint is also denied on the ground that the plaintiffs' complaint states a valid cause of action for trespass. CT Page 2457
III. Conclusion
For the foregoing reasons, defendant Lawrence Getty's motion to strike is denied.
HANDY, J.