[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs claim to be persons travelling on Route 189, a public highway which passes by the Tariffville Gorge. The plaintiffs claim that they were attacked by an unruly mob. They claim, as against this defendant, Connecticut Light and Power Company, that CL P allowed the mob to gather on its property, that CL P knew or should have known that said crowd was engaged in acts that disturbed the peace by stopping traffic on Route 189, and issued verbal threats and committed random criminal acts, including acts of violence. The plaintiffs therefore claim that the defendant CL P negligently allowed a nuisance to exist on their property, hence claiming a negligent nuisance.
The plaintiff, at oral argument, represented that they are not claiming an intentional nuisance (an absolute nuisance) and hence the fourth special defense, Assumption of Risk, will not be pressed by the defendant CB T and may be considered withdrawn based upon the plaintiff's representation.
The plaintiff moves to strike the Second Special Defense and the Third Special Defense which asserts immunity by virtue of General Statute § 52-557g and § 52-557j. CT Page 6391
The second special defense asserts the provisions of General Statute § 15-557g. Section (a) of 52-557g provides that the owner of such land "owes no duty of care to keep the land . . . safe for entry or use by others for recreational purposes or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes."
Section (b) of General Statute § 52-557g provides in part that the owner does not "(3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner." Hence this section may be sufficiently broad to include persons off the property who are injured by activity occurring on the property itself, This appears to be the status of the plaintiffs.
However, Section (b) of General Statute § 52-557g
modifies what may appear to be a blanket insulation from liability articulated in Sec. 52-557g (b)(3), as previously quoted, because this section (b) is prefaced by the statement "Except as provided in Section 52-557h . . .". Section 52-557h
provides that immunity shall not be available to the owner ". . (1) For willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity". Willful or malicious failure is a question of fact.
The motion to strike the second special defense addresses questions of fact, which cannot be resolved by a motion to strike. Hence it is denied.
The third special defense, General Statutes § 52-557j
sets forth a defense of immunity from liability for injuries caused to persons operating a motorcycle on the landowner's property. It is not totally clear as to whether the injuries were caused in whole or in part by virtue of such operation of a motorcycle on any part of the landowner's property. Hence it is not clear as to whether the immunity provided by General Statute § 52-557J is applicable. Hence the motion to strike the third special defense is denied.
The fourth special defense, assumption of risk has been withdrawn as the plaintiff has stipulated that the plaintiff is not claiming absolute nuisance.
The motion to strike the fifth special defense cannot be CT Page 6392 granted. The defendant's position is that without proof that the use of the property by the defendant was unreasonable there can be no cause of action in nuisance. Such proof is an essential element of a cause of action in nuisance. Tomasso Bros., Inc. v.October Twenty-Four, Inc., 221 Conn. 194, 197 (1992).
Hence, the fifth special defense is properly pleaded. The motion to strike the fifth special defense is denied.
L. Paul Sullivan Judge, Superior Court