[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter claiming a temporary and permanent injunction was returned to court on March 5, 1999. The revised complaint filed April 9, 1999 alleges in the first count that the plaintiffs have been the owners of the certain tract of land situated at 72 Hillcrest Road, in the town of Old Lyme with a dwelling house occupied by the plaintiffs and other improvements thereon. It alleges the defendant owns property which abuts the plaintiffs' property and that the defendant has permitted or caused a tree to exist, the roots of which have damaged or will damage the plaintiffs' sanitation system. The plaintiffs claim their property has been damaged, will be damaged and the value of the property has been diminished by the aforesaid tree and its roots and that as a further result thereof, the tree and roots CT Page 7019 interfere with the plaintiffs' peaceful enjoyment and use of their property.
Plaintiffs contends that the acts complained of are a nuisance and have caused and will cause the plaintiffs irreparable injury in that they are continuous and recurrent and unless restrained will continue. The plaintiffs allege that have no adequate remedy at law and seek a temporary and permanent injunction prohibiting and restraining the defendant from allowing said roots to cause said damage.
In the second count of the complaint the plaintiffs assert that they have expended monies for inspection, analysis and repairs of the aforesaid system and despite demand for the same the defendant has not paid said amounts and therefore the plaintiffs claim damages.
By agreement of the parties the court conducted a hearing on May 27, 1999 on plaintiffs' claim for a permanent injunction prohibiting and restraining the defendant from allowing the defendant's tree and roots to interfere with plaintiffs' peaceful enjoyment and use of their property insofar as the roots have damaged and will damage plaintiffs sanitation system.
At the hearing the parties testified and offered exhibits to depicting the abutting properties and the location of the defendant's tree and the plaintiffs subsurface septic tank system. Exhibit H. consist of a diagram prepared by a plumber, hired by plaintiffs which depicts the tree located on the boundary line between plaintiffs' and defendant's property and approximately ten feet from the leaching fields located in the rear of the plaintiffs dwelling.
The plaintiffs' have owned this property since 1968, the subsurface septic system has been in place and in use since then during the summer months. It has required only periodic pumping. In May of 1968 the system backed up but was repaired by a plumber who replaced the inlet pipe from the house to the tank. At that time the plumber observed roots within the tank. His observation cause the plaintiffs to contact the defendant in 1998 seeking the removal of the large maple tree on the boundary line. Discussion between the parties did not result in any agreement. This spring the problem with the system reoccurred; the plaintiffs were convinced that the roots from the neighbors tree were the cause of the problem and instituted this cause of action asserting the CT Page 7020 tree roots constitute a nuisance trespassing on their property causing them irreparable harm for which they have no adequate remedy at law.
Plaintiffs have undertaken to prove to the court that the facts and circumstances effecting their subsurface septic tank system constitute all of the elements required to establish a nuisance claim. [Tomasso Bros., Inc. v. [October Twenty-Four,Inc. 221 Conn. 194 (1992), sets forth the elements required to establish a nuisance claim; (1) the condition complained of has a natural tendency to create danger and inflict damage upon person or property; (2) the danger created is a continuing one; (3) the use is unreasonable or unlawful; (4) the existence of the nuisance is the proximate cause of the plaintiffs injuries and damages. The defendant agrees that these are the elements which must be proved by the plaintiffs but contends that she cannot be liable to plaintiffs from a natural condition of the land, in this instance a natural growth of tree roots from a naturally occurring indigenous tree, defendant relies on Restatement of Torts Second Section 363.
The issue of an injunction rest on the sound discretion of the trial court. A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of adequate remedy of law. Whether damages are to be viewed by a court of equity as "irreparable" or not depends more upon the nature of the right which is injuriously affected then upon the pecuniary loss suffered. A remedy at law to exclude equity jurisdiction must be as complete and beneficial as the relief in equity. In exercising its discretion the court in a proper case may consider and balance the injury complained of with that which would result from interference by injunction, the relief must be compatible with the equities of the case. [Bern v. [Olson,183 Conn. 337, 343 (1983).
The system was examined and inspected on May 16, 1999 by a representative of the town, by a representative of the defendant and a representative of the plaintiff. The representative of the plaintiff was Dmitry Tolchinsky a licensed plumber who had made a repair to the system in 1998. The representative of the defendant was Gary Yuknat and the town was represented by the town sanitarian. Both Yuknat and Tolchinsky testified at the hearing. Tolchinsky a licensed plumber testified as a fact witness. He had previously seen roots in the tank in 1998. he had seen surface CT Page 7021 roots from the tree extending into plaintiffs' property in 1998. He also testified that on the day of the inspection May 16, 1999 the inlet pipe to the system was blocked by weeds or roots and there were roots in the tank itself. Tolchinsky was not allowed to testify as an expert as a subsurface sewage disposal system either as an installer or cleaner because he lacked a licensed as required by the statute § 20-34 if General Statutes. On cross examination Tolchinsky testified that he was not an botanist or arborist and could not say the roots he observed in and around the tank were from the subject tree or from adjacent bushes.
The defendant's expert Gary Yuknat testified that he examined the system on May 16, 1999 and inserted a video camera into the system which enabled the participants to observe the interior of the tank and the outlet pipe to the leaching fields. The tape of this video examination was introduced to the court, as the defendant's Exhibit 1. Yuknat testified that the exit pipe to the leaching fields was clogged with sludge which prevented the video camera from entering its interior. Yuknat qualified as a licensed subsurface sewage system installer and cleaner pursuant to § 20 -341f of the General Statutes. Yuknat has been licensed and engaged in the business in this business, in the area since 1978. He noted the infiltration of roots into the tank but concluded that these roots were not the reason the system was functioning improperly. He attributed the backup in the system to the sludge in the outlet pipe, although he found other defects such as the absence of baffles and a tank that leaked.
After considering all of the credible evidence the count concludes that the plaintiff has not submitted sufficient evidence to establish by a fair preponderance of evidence that the proximate cause of the system backup is the extension of roots from defendant's tree into plaintiffs' septic tank system. Accordingly the injunction is denied.
Dorse, J., Judge Trial Referee