[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, O. Thomas Hayes and Jeanne Maraz, have moved (#109) for "partial summary judgment" as to liability for breach of contract against the defendant, The Rowayton Beach Association, Inc. The controversy involves an agreement entered into between the parties dated October 30, 1998, which settled a prior law suit between the two parties based on a claim of adverse possession. The agreement provides, among other things, that the defendant may not "reduce or diminish the existing screening buffer."
The plaintiffs in this action claim that the defendant breached the agreement by cutting down and removing portions of the screening buffer in order to construct an access road from its property to the Wee Burn Beach Club.
The plaintiff was granted a temporary injunction on September 3, 1999. The court enjoined the defendant from any further removal and destruction of the screening buffer. The court found that the defendant had violated the agreement of October 30, 1998 by its removal and destruction of a portion of the buffer. In CT Page 3484 moving for summary judgment, the plaintiffs claim that not only is the agreement of October 30, 1998, clear and unambiguous, but also that granting of the temporary injunction is the law of the case in the sense that the circumstances since the issuance of that injunction have not changed and there are no other sufficient reasons not to grant partial summary judgment.
In reviewing the affidavit filed by Patrick W. Begos, president of the defendant association, in opposition to the motion for partial summary judgment, it is clear that genuine issues of material fact have been asserted, thus precluding the granting of the plaintiffs' motion.[1] Summary judgment may be granted according to Practice Book § 17-49 only if there "is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The affidavit of Mr. Begos raises the issue of the intent of the parties in entering into the October, 1998 agreement with respect to whether the buffer screening includes the southern end of Anchor Road. Discerning the intent of the parties to this agreement does not lend itself to disposition by summary judgment. Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 111, 639 A.2d 507 (1994).
The reliance by the plaintiffs on the theory that the granting of a temporary injunction mandates the granting of a summary judgment is not correct. The purpose of a temporary injunction under General Statutes § 52-471 is "to preserve the status quo until the rights of the parties can be determined after a full hearing on the merits." Griffin Hospital v. Commission onHospitals Health Care, 196 Conn. 451, 457, 493 A.2d 229 (1985). On the other hand, summary judgment may only be granted if there are no genuine issues of material fact. Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424, 727 A.2d 1276
(1999).
In terms of changed circumstances since the granting of the temporary injunction, Mr. Begos' affidavit also states in reference to the hearing on the plaintiffs' application that: "even though I was the [defendant's] primary contact with plaintiffs during the events at issue, plaintiffs moved to exclude from the record on the preliminary injunction motion any evidence from me on the procedural argument that I was also CT Page 3485 appearing at the hearing as counsel for the [defendant]." Thus, according to the defendant, new facts are being presented at this time which were not allowed to be put in evidence at the prior hearing.
The plaintiffs have also moved (#113) to strike the defendant's "opposition" to their motion for summary judgment on the theory that "it is replete with and depends entirely upon evidence of settlement negotiations and other correspondence which is privileged and therefore not admissible as evidence in these proceedings." The plaintiffs cite "Tomasso Bros., Inc. v. OctoberTwenty-Four, Inc., 221 Conn. 194 (1992)" for this proposition. InTomasso Bros., clearly the court was referring to settlement negotiations relating to the case at bar, not to a previous action settled by way of an agreement. Id., 198. The intent behind that 1998 agreement is now subject to dispute, not settlement negotiations relating to this present action.
The motion by the plaintiffs seeking partial summary judgment and their motion to "strike" the defendant's "opposition" are both denied.
So Ordered.
Dated at Stamford, Connecticut, this 2nd day of March, 2000
William B. Lewis, Judge