## Beverly M. Todd *v.* Northeast Utilities

Superior Court     Judicial District of     File No. 289286
Hartford-New Britain at Hartford

Memorandum filed August 7, 1984

*Ebenstein & Ebenstein,* for the plaintiff.
*Updike, Kelly & Spellacy,* for the defendant.

Quinn, J. The defendant has filed a motion to strike the plaintiff's complaint contending that no duty is owed to the plaintiff and that no cause of action is stated for which relief can be granted.

The plaintiff claims to have sustained injuries as a result of a fall from the sidewalk abutting her property. She claims the fall was caused by an inoperable streetlight which is located in front of her house and which is operated by the defendant under a contract with the city of Hartford. She alleges that she informed the defendant of the defective light before her accident. She claims the defendant knew or should have known of the dangerous condition and was negligent in failing to make repairs.

A motion to strike tests the legal sufficiency of the allegations of the complaint. Practice Book § 152;

*Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 427 A.2d 822 (1980). If the facts provable under the allegations would support a cause of action, the motion to strike must fail. Id.

In Connecticut the courts have imposed on public utility companies the duty to exercise due care to guard against reasonably foreseeable dangers. "Its duty [is] to exercise in the operation of its electric business the highest degree of care and skill which may be reasonably expected of intelligent and prudent persons engaged in such a business in view of the instrumentalities provided and the dangers reasonably to be anticipated, as well as the general situation confronting the defendant." *Citerella* v. *United Illuminating Co.,* 158 Conn. 600, 607, 266 A.2d 382 (1969). The regulations of the public utilities commission state in part: "(a) Every utility shall use every effort to properly warn and protect the public from danger and shall exercise all possible care to reduce the hazard to which employees, customers and others may be subjected by reason of its equipment and facilities." Regs., Conn. State Agencies § 16-11-102. The regulations have the force of statute and a violation of a regulation is negligence per se. *Citerella* v. *United Illuminating Co.,* supra, 608.

While it is clear that the defendant is neither a guarantor nor an insurer of the safety of any person who might be injured by its electric facilities, it is " 'required to employ every reasonable precaution or safeguard known to those possessed of the knowledge and skill requisite for the safe treatment of electricity and for providing against *all* dangers incident to its use.' " (Emphasis added.) *Citerella* v. *United Illuminating Co.,* supra, 606–607. The plaintiff's allegation that she notified the defendant of the defective street light renders foreseeable the danger to which she was exposed, thereby imposing upon the defendant the duty to rectify the dangerous condition. It is relevant to note

that the above-cited public utilities commission regulation is part of a regulatory section entitled "Continuity of Service" governing electric outages and interruptions of service. See Regs., Conn. State Agencies § 16-11-101 et seq.

The defendant's assertion that it had no duty to repair the street light is unfounded in light of the facts set forth in the complaint. "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . [T]he test is, would the ordinary man in the defendant's position, knowing what he knew . . . anticipate that harm of the general nature of that suffered was likely to result?" *Orlo* v. *Connecticut Co.*, 128 Conn. 231, 237, 21 A.2d 402 (1941); see also *Coburn* v. *Lenox Homes, Inc.*, 186 Conn. 370, 375, 441 A.2d 620 (1982). Moreover, the fact that the defendant was under contract with the city and not with the plaintiff to provide street lighting for the benefit of the public should not be determinative of the issue surrounding the defendant's legal duty. In *Neal* v. *Shiels, Inc.*, 166 Conn. 3, 347 A.2d 102 (1974), the Connecticut Supreme Court held that a street vendor selling ice cream had a duty to exercise reasonable care to ensure the safety of all children who may be attracted to it, regardless of whether such children were customers. Id., 13. Again, the issue was one of foreseeability, not the contractual relationship of the parties.

If we assume the truth of the facts contained in the complaint, the defendant was under a duty to make necessary repairs to the defective light within a reasonable time after notice of the defect. *Magnon* v. *Glickman*, 185 Conn. 234, 240, 244, 440 A.2d 909 (1981). Its failure to do so may render it liable for the

plaintiff's personal injuries, in the absence of contributory negligence. *Citerella* v. *United Illuminating Co.,* supra, 610.

The defendant's motion to strike is denied.