[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The defendants move to strike counts five and six of the plaintiff's complaint.
The defendants, Connecticut Light Power Company, Northeast Utilities Service Company and Northeast Utilities (the utility defendants), bring this motion to strike counts five and six of the plaintiff's August 30, 1996 six count complaint.[1] In counts five and six, the plaintiff, William Espowood, guardian of the estate of Christine C. Collins, alleges that, on August 28, 1994, at 8:11 p.m., Collins sustained severe injuries after a motor vehicle operated by Dean H. Lord struck her while she crossed Pine Street in Bristol, Connecticut. Collins was in the cross walk at the time of the incident.
In count five, the plaintiff claims that Collins' injuries resulted from the utility defendants' negligence in maintaining the streetlight at the corner of Pine and Central Streets. In count six, the plaintiff claims that the improperly operating streetlight constitutes a public nuisance.
The utility defendants filed this motion to strike counts five and six on December 10, 1996, as well as a memorandum of law in support of the motion. On March 6, 1997, the plaintiff filed his objection, accompanied by a memorandum of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825-26, 676 A.2d 357 (1996). "If the facts provable in the complaint would support a cause of action, CT Page 2349 the motion to strike must be denied." Id., 826.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). While the motion to strike admits all facts well pleaded, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. Id., 215.
A. Count Five — Negligence
The utility defendants move to strike count five of the plaintiff's complaint on the ground that the plaintiff fails to state a cause of action because the utility defendants did not owe the plaintiff a duty to keep the subject streetlight operational. "The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide. . . ." (Citations omitted.) Burns v. Board of Education,228 Conn. 640, 646, 638 A.2d 1 (1994). "Only if a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Field v. Kearns, 43 Conn. App. 265, 278, 682 A.2d 148, cert. denied, 239 Conn. 942, 684 A.2d 711 (1996).
"A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a special relationship between the plaintiff and the defendant. . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act. . . ." (Citations omitted; internal quotation marks omitted.) Burns v.Board of Education, supra, 228 Conn. 646. It is generally beyond dispute that "[u]nless some relationship exists between the person injured and the defendant by which the latter owes a duty to the former, there can be no liability in negligence. . . ." (Citations omitted.) Neal v. Shiels, Inc., 166 Conn. 3, 12,347 A.2d 102 (1974).
In the present case, the plaintiff alleges in the first paragraph of count five that the utility defendants were charged with the duty to: (1) maintain the subject streetlight, so as to properly light and illuminate the crosswalk; (2) make repairs and CT Page 2350 replacements to said streetlight; and (3) furnish and maintain all poles, sensors, lamps, brackets, luminaries and all other related equipment on streetlights located on Pine Street, including the subject streetlight. In opposition to the utility defendants' motion, the plaintiff argues that Section 16-11-102 of the Regulations of Connecticut State Agencies sets forth the duty owed to the public by a utility.[2]
Despite these allegations in count five, the utility defendants argue that their duty was to the city of Bristol, not to Collins. The utility defendants cite cases from other jurisdictions in support of their contention that a public utility company owes a duty to the party with whom it contracts to provide street-lights — usually a municipality — but does not owe a duty to a third party, unless the contract so provides.
"In Connecticut the courts have imposed on public utility companies the duty to exercise due care to guard against reasonably foreseeable dangers." Todd v. Northeast Utilities,40 Conn. Sup. 159, 160, 484 A.2d 247 (1984). A public utility owes a duty "`to exercise in the operation of its electric business the highest degree of care and skill which may be reasonably expected of intelligent and prudent persons engaged in such a business in view of the instrumentalities provided and the dangers reasonably to be anticipated. . . .'" Id., quoting Citerella v. UnitedIlluminating Co., 158 Conn. 600, 607, 266 A.2d 382 (1969).
Todd is particularly instructive for purposes of the present case. There, the plaintiff sustained injuries when she fell from a sidewalk, which she claimed was caused by an inoperable streetlight operated by the defendant under a contract with the city of Hartford. Todd v. Northeast Utilities, supra,40 Conn. Sup. 159. The defendant moved to strike the plaintiff's complaint, "contending that no duty is owed to the plaintiff and that no cause of action is stated for which relief can be granted." Id.
The Todd court found that "the fact that the defendant was under contract with the city and not with the plaintiff to provide street lighting for the benefit of the public should not be determinative of the issue surrounding the defendant's legal duty." Id., 161. The court then cited Neal v. Shields, Inc.,
supra, 166 Conn. 13, in which the Connecticut Supreme Court "held that a street vendor selling ice cream had a duty to exercise reasonable care to ensure the safety of all children who may be CT Page 2351 attracted to it, regardless of whether such children were customers, and concluded that "the issue was one of foreseeability, not the contractual relationship of the parties."Todd v. Northeast Utilities, supra, 40 Conn. Sup. 161.
Thus, in Connecticut, "[t]he ultimate test of the existence of a duty to use due care is found in the foreseeability that harm may result if it is not exercised. . . . Foreseeability in this context is a flexible concept, and may be supported by reasonable reliance, impeding others who might seek to render aid, statutory duties, property ownership or other factors." (Citations omitted; internal quotation marks omitted.) Burns v.Board of Education, supra, 228 Conn. 647. "Foreseeability is a question of proximate cause, which is ordinarily a question of fact for the trier, and only becomes a conclusion of law when there is only one conclusion that can be reached." Gutierrez v.Thorne, 13 Conn. App. 493, 500-01, 537 A.2d 527 (1988).
The utility defendants' argument that they did not owe a duty to Collins because they contracted to provide and maintain streetlights with the city of Bristol, not with Collins, is without merit. The court finds that the plaintiff sufficiently alleges facts in count five to support the claim that the utility defendants owed Collins a duty, which is based on Section 16-11-102 of the Regulations of Connecticut State Agencies, even though the plaintiff fails to specifically cite to that section. "[F]acts necessarily implied by the allegations in a complaint are sufficiently pleaded, and hence need not expressly be alleged." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). See also Robben v. Hartford Electric Light Co.,1 Conn. App. 109, 113, 468 A.2d 1266 (1983), citing LaFleur v. FarmingtonRiver Power Co., 187 Conn. 339, 341-42 n. 3, 445 A.2d 924 (1982);Citerella v. United Illuminating Co., supra, 158 Conn. 606
("[t]he standard measurement of a power company's duty of care has been established by the department of public utility control" in Section 16-11-102 (a) of the Regulations of Connecticut State Agencies). Accordingly, because the facts alleged, if proved, support a cause of action, the court denies the utility defendants motion as to count five.
B. Count Six — Nuisance
The utility defendants move to strike the sixth count on the grounds that it fails to state a cause of action for absolute nuisance because there is no allegation of intentional conduct on CT Page 2352 the part of the utility defendants and the defendants did not owe a duty to the plaintiff.
"Nuisances may be characterized as public or private and may be absolute (intentional) or merely the result of negligence."Stewart v. Federated Department Stores, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 103721 (May 17, 1991, Lewis, J.) (6 C.S.C.R. 561). "Nuisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights. . . ." (Citation omitted; internal quotation marks omitted.) Starr v. Commissioner of Environmental Protection,226 Conn. 358, 394 11 95, 627 A.2d 1296 (1993).
"A public nuisance exists if: (1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property; (2) the danger created is a continuing one; (3) the use of the land is unreasonable or unlawful; and (4) the condition or conduct complained of interferes with a right common to the general public." Keeney v. Town of Old Saybrook,237 Conn. 135, 162, 676 A.2d 795 (1996). "In order to establish a cause of action in nuisance, the plaintiff must prove that the inherently dangerous condition is a continuing one and was the proximate cause of the plaintiff's injuries and damages." Quinnett v.Newman, 213 Conn. 343, 348-45, 568 A.2d 786 (1990).
"A public nuisance can be created intentionally or negligently. A nuisance is created intentionally if the creator of the condition intends the act that brings about the condition. . . . It is the knowledge that the actor has at the time [the actor] acts or fails to act that determines whether the invasion resulting from [its] conduct is intentional or unintentional. It is not enough to make an invasion intentional that the actor realizes or should realize that [its] conduct involves a serious risk or likelihood of causing the invasion. [The actor] must either act for the purpose of causing it or knowthat it is resulting or is substantially certain to result from[the actor's] conduct." (Emphasis in original.) (Citations omitted; internal quotation marks omitted.) Keeney v. Town of OldSaybrook, supra, 237 Conn. 163-64. "If the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute and its creator is strictly liable." Quinnett v. Newman,
supra, 213 Conn. 348. CT Page 2353
In the present case, the plaintiff alleges in the first paragraph of Count Six that the utility defendants were charged with the duty to make repairs and replacements to the subject streetlight and to furnish or maintain all poles, lamps, brackets, luminaries and related equipment on the streetlights on Pine Street including the subject streetlight. In the second paragraph, the plaintiff alleges facts in eight subparagraphs to support his claim that the utility defendants created, kept and maintained an absolute public nuisance, which presented an extreme hazard to the plaintiff and to the tortfeasor, Lord. Construing the facts most favorably to the plaintiff, Count Six contains allegations that the utility defendants owed Collins, as a member of the public, a duty. The acts of creating, keeping and maintaining the inoperable streetlight could be considered intentional acts. See Bouchard v. People's Bank, supra,219 Conn. 471.
"Whether the elements necessary to establish a claim of nuisance have been proven is . . . a question of fact which is ordinarily determined by the trier of fact." Tomasso Bros., Inc.v. October Twenty-Four, Inc., 221 Conn. 194, 197, 602 A.2d 1011
(1992). Connecticut courts have emphasized that "[a] question of intent raises an issue of material fact." See Suarez v. DickmontPlastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994);Picataggio v. Romeo, 36 Conn. App. 791, 794, 654 A.2d 382 (1995). Accordingly, because the plaintiff pleads facts which, if proved, support a claim for public nuisance, which may be absolute, the court denies the defendants' motion as to count six.
HENNESSEY, J. CT Page 2354