[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 17, 1997
By three-count amended complaint, the plaintiff, Michael Wojdyla, administrator of the estate of Anna Wojdyla, brought the present action against the defendants, Northeast Utilities Service Company and The Connecticut Light and Power Company, as the result of the death of the plaintiff's decedent on November 11, 1994. Specifically, the plaintiff claims that due to the defendants' failure to repair a non-functioning street light located on the westerly curbside of southbound Main Street in the vicinity of its intersection with Sisson Street, the decedent was struck and killed by a motor vehicle as she attempted to cross Main Street in that vicinity. In his amended complaint, dated November 6, 1996, the plaintiff alleges negligence (count one), negligent nuisance (count two) and absolute nuisance (count three) on the part of the defendants. On March 7, 1997, the defendants filed a motion to strike all three counts of the amended complaint, as well as a memorandum in support thereof. On April 7, 1997, the plaintiff filed a memorandum in opposition. The defendants filed a reply brief to the plaintiff's memorandum in opposition on May 12, 1997. Finally, the plaintiff filed a supplemental memorandum in opposition on June 3, 1997.[1] The defendants' motion to strike is currently before the court.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). CT Page 7313
The defendants claim that all three counts of the amended complaint fail to state causes of action because "the defendants did not owe a duty to the plaintiff's deceased." As well, the defendants alternatively claim that the third count should be stricken because it "fails to allege facts sufficient to support a claim for absolute nuisance."
While "[i]ssues of negligence are ordinarily not susceptible of summary adjudication [and] should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogartyv. Rashaw, 193 Conn. 442, 446, 476 A.2d 587 (1984); "[t]he existence of a duty is a question of law . . . If the court determines, as a matter of law, that a defendant owes no duty to a plaintiff, a verdict should be directed because it is merely reaching more speedily and directly a result which would inevitably be reached in the end." (Citations omitted; internal quotation marks omitted.) Petriello v. Kalman, 215 Conn. 377,382-83, 576 A.2d 474 (1990). "Where there is no legal duty, there can be no actionable negligence. Unless some relationship exists between the person injured and the defendant, by which the latter owes a duty to the former, there can be no liability for negligence." Neal v. Shiels, Inc., 166 Conn. 3, 12, 347 A.2d 102
(1974).
Addressing the defendants' claim that they owed no duty to the plaintiff's deceased, the plaintiff argues that a duty existed between the defendants and the deceased; "or at least it cannot be said that as a matter of law no duty exists" because the "defendants could have foreseen that their failure to replace a non-functioning overhead illuminating street light would result in injury or death to a local pedestrian who might happen to cross the dark street." (Emphasis added.)
The plaintiff is correct in his assertion that foreseeability is a necessary requirement for there to be found a duty owed from the defendants to his decedent. "Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted CT Page 7314 was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result? . . . Thus, initially, if it is not foreseeable to a reasonable person in the defendant's position that harm of the type alleged would result from the defendant's actions to a particular plaintiff, the question of the existence of a duty to use due care is foreclosed, and no cause of action can be maintained by the plaintiff. (Internal quotation marks omitted.) Clohessy v. Bachelor, 237 Conn. 31, 45,675 A.2d 852 (1996)." (Internal quotation marks omitted.) Pion v.Southern New England Telephone Company, 44 Conn. App. 657,660-61, (1997).
As the defendants argue, however, "[a] simple conclusion that the harm to the plaintiff was foreseeable . . . cannot by itself mandate a determination that a legal duty exists. Many harms are quite literally `foreseeable' yet for pragmatic reasons, no recovery is allowed. . . . A further inquiry must be made, for we recognize that `duty' is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that a plaintiff is entitled to protection. . . . While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree. . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results." (Citations omitted; internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp. , 231 Conn. 381,386, 650 A.2d 153 (1994).
The facts of the present case concern whether the defendant utility companies owe a duty of care to a person crossing the street who is struck by a motor vehicle in the vicinity of a non-functioning street light. The question of whether there is a duty owed by the defendants to the public has been answered by the department of public utility control in its establishing Section 16-11-102(a) of the Regulations of Connecticut State Agencies. Specifically, § 16-11-102(a) of the Regulations of Connecticut State Agencies provides in pertinent part: "Every utility shall use every effort to properly warn and protect the public from danger and shall exercise all possible care to reduce CT Page 7315 the hazard to which employees, customers and others may be subjected by reason of its equipment and facilities."
"In Connecticut the courts have imposed on public utility companies the duty to exercise due care to guard against reasonably foreseeable dangers. . . . A public utility owes a duty to exercise in the operation of its electric business the highest degree of care and skill which may be reasonably expected of intelligent and prudent persons engaged in such a business in view of the instrumentalities provided and the dangers reasonably to be anticipated." (Citations omitted; internal quotation marks omitted.) Espowood v. Connecticut Light Power Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 563747, 19 CONN. L. RPTR. 355 (April 23, 1997) (Hennessey, J.), quoting Todd v. Northeast Utilities,40 Conn. Sup. 159, 160, 484 A.2d 247 (1984);Citerella v. United Illuminating Co., 158 Conn. 600,607, 266 A.2d 382 (1969).
In his complaint, the plaintiff alleges that the defendants had "actual or constructive notice" that the subject street light was in disrepair prior to the alleged accident, yet "failed to timely repair and/or remedy" the light. (Amended Complaint, dated November 6, 1996, Count One, 11(c)). As well, the plaintiff alleges that the defendants "failed to act in accordance with the care of a reasonably prudent person, knowing what it knew or should have known, under the circumstances then and there attendant." (Amended Complaint, Count One, 11(g)). Section 16-11-102(a) of the Regulations of Connecticut State Agencies clearly creates a duty, owed by the defendant utilities, to rectify dangerous conditions. The claims made by the plaintiff allege breaches of that duty. Viewing the allegations in the complaint in the light most favorable to the plaintiff, as it must, the court concludes that the plaintiff has sufficiently alleged facts that the defendant utility companies owed his decedent a duty and that they breached that duty. Accordingly, the defendants' motion to strike the first count of the amended complaint is denied.
The defendants argue that the second count also fails to state a cause of action because "the defendants did not owe a duty to the plaintiff's deceased." Notwithstanding that argument, a duty from the defendant to the plaintiff does not appear to be an element needed in order for a negligent nuisance claim to survive. "In order to establish [a] claim of nuisance, the plaintiff ha[s] to prove the existence of the following four CT Page 7316 elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; and (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages. (Internal quotation marks omitted.) Tomasso Bros., Inc.v. October Twenty-four Inc., 221 Conn. 194, 197, 602 A.2d 1011
(1992), quoting State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 183, 527 A.2d 688 (1987). However, the court need not address that issue, as, for the reasons set forth supra, it finds that there was a duty owed by the defendants to the plaintiff's decedent. Accordingly, the defendants' motion to strike the second count of the amended complaint is denied.
Finally, the defendants argue that the third count fails to state a cause of action because, inter alia, it "fails to allege facts sufficient to support a claim for absolute nuisance."[2]
"[W]here absolute public nuisance is alleged, the plaintiff's burden includes two other elements of proof [other than the four elements required for mere negligent nuisance]: (1) that the condition or conduct complained of interfered with a right common to the general public and (2) that the alleged nuisance was absolute, that is, that the defendants' intentional conduct, rather than their negligence, caused the condition deemed to be a nuisance." (Citations omitted.) State v.Tippetts-Abbett-McCarthy-Stratton, supra, 204 Conn. 183.
 A nuisance is created intentionally if the creator of the condition intends the act that brings about the condition. It is the knowledge that the actor has at the time the actor acts or fails to act that determines whether the invasion resulting from its conduct is intentional or unintentional. It is not enough to make an invasion intentional that the actor realizes or should realize that its conduct involves a serious risk of likelihood of causing the invasion. The actor must either act for the purpose of causing it or know that it is resulting or is substantially certain to result from the actor's conduct. If the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute and its creator is absolutely liable. CT Page 7317
(Emphasis in original; internal quotation marks omitted.)Espowood v. Connecticut Light Power Co., supra, Superior Court, Docket No. 563747, 19 CONN. L. RPTR. 355.
In paragraph twelve of the third count the plaintiff alleges that "[t]he plaintiff's decedent was struck and killed as a result of this nuisance, which nuisance was created by the intentional acts of the defendants . . . in that it chose to delay the timely repair of this nonfunctional overhead illuminating street light atop pole #5187 once it had actual notice of its state of disrepair." (Amended Complaint, Count 3, ¶ 12). Viewing the allegations in the light most favorable to the plaintiff, the court finds that the third count of the amended complaint sets forth facts sufficient to state a cause of action for absolute nuisance. The court makes such a determination conscious of the fact that "whether the actor knows that the consequences of his or her conduct are certain orsubstantially certain to result from his or her act and still proceeds with the conduct, so that he or she should be treated by the law as though he or she in fact desired to produce the result, is a question of fact for the jury." (Emphasis added.)Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 111,639 A.2d 507 (1994).
Accordingly, the defendants' motion to strike the third count of the amended complaint is denied.
LEHENY, J.