[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue here is whether the defendant, Connecticut Light and Power's, motion to strike Counts One through Four of the plaintiffs' revised complaint should be granted. On January 10, 1995, the plaintiffs, Donald And Patricia Mazza, filed a nine CT Page 2093 count complaint against the defendants John Capone, John Capone, Jr., and Connecticut Light and Power ("CLP"). In the plaintiffs' revised complaint dated March 17, 1996, the plaintiffs allege the following facts. The defendants John Capone and John Capone, Jr. are the upstairs condominium neighbors of the plaintiffs. CLP provided electricity to the Capones' unit prior to January 1, 1994. The Lakewood Village Association ("Association") notified the unit owners that electric heat must be maintained during the winter and that the unit owners would be responsible for any damage that resulted from loss of electricity in their unit. The Association also requested CLP to notify it when any unit was in danger of having electric service terminated.
Prior to January 1, 1994, the Capones failed to pay their electric bill. Then, CLP terminated electric service to the Capones' unit. On January 1, 1994, the water pipes in the Capones' unit froze, broke, and flooded the plaintiffs' unit.
Count One of the plaintiffs' revised complaint sounds in negligence against CLP. Count Two sounds in negligence per se against CLP. Count Three sounds in recklessness against CLP. Count Four alleges that CLP violated the Connecticut Unfair Trade Practice Act (CUTPA). Count Five alleges that the actions of CLP constitute a trespass upon the property of the plaintiffs.
On April 18, 1997, CLP filed a motion to strike Counts One through Five of the plaintiffs' Revised Complaint.[1] Pursuant to Practice Book § 155, CLP filed a supporting memorandum of law. On October 20, 1997, the plaintiffs filed an objection and a memorandum of law in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp. , 240 Conn. 576, 580, 693 A.2d 293 (1997); Practice Book § 151. The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff had] stated a legally sufficient cause of action." Napoletano v. CIGNAHealthcare of Connecticut, Inc., 238 Conn. 216, 233,680 A.2d 127 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix v. Medical Systems, Inc. v.CT Page 2094BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Count One
CLP argues that Count One of the plaintiffs' complaint should be stricken because it fails to allege that the defendant breached a legal duty that was owed to the plaintiffs. The plaintiffs respond that CLP owed the plaintiffs a duty of reasonable care because it was foreseeable to CLP that damage would occur to the plaintiffs' unit by terminating electric service to the plaintiffs' neighbor. Therefore, the plaintiffs argue that Count One of their complaint states a legally sufficient cause of action.
"The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . . We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result,. . . . and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Citations omitted; internal quotation marks omitted.) Zamstein v. Marvasti, 240 Conn. 549, 558,692 A.2d 781 (1997).
The plaintiffs cite three cases to support their contention that CLP in the present case owed the plaintiffs a duty of reasonable care.[2] In those cases, the superior courts held that the utility company owed the respective plaintiffs a legal duty. The facts of those cases, however, are distinct from the present one.
In the present case, CLP disconnected electrical service because Mr. Capone failed to pay his electric bill. In the cases cited by the plaintiffs, the respective plaintiffs were injured because the utility company failed to repair street lights after they received notice that they were broken. Moreover, the utility companies in the cases cited by the plaintiffs were obligated contractually to operate and repair the street lights.[3]
CT Page 2095
Furthermore., "the conclusion that a particular injury to a particular plaintiff or class of plaintiffs possibly is foreseeable does not, in itself, create a duty of care." Watersv. Autuori, 236 Conn. 820, 827, 676 A.2d 357 (1996). "While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results."Clohessy v. Bachelor, 237 Conn. 31, 45-46, 675 A.2d 852 (1996).
The plaintiffs failed to cite any case where a court has held that a utility company owes a legal duty to a third party where the utility company discontinues a customer's service for nonpayment. CLP did not owe the plaintiffs a duty of care. Therefore, CLP's motion to strike Count One of the plaintiffs' complaint, is granted.
Count Two
CLP next moves that Count Two of the plaintiffs' complaint should be stricken. CLP contends that § 16-11-102a of the Regulations of Connecticut State Agencies is inapplicable to the present case. Also, CLP argues that violation of § 16-11-102a does not set forth a cognizable cause of action. The plaintiffs respond that a violation of § 16-11-102a is negligence per se and that Count Two alleges a legally sufficient claim.
Section 16-11-102a of the Regulations of Connecticut State Agencies provides, "[a]ccidents (a) Every utility shall use every effort to properly warn and protect the public from danger and shall exercise all possible care to reduce the hazard to which employees, customers and others may be subjected by reason of its equipment and facilities." Regs., Conn. State Agencies. "The regulations have the force of statute and a violation of a regulation is negligence per se." Todd v. Northeast Utilities,40 Conn. Sup. 159, 160, 484 A.2d 247 (1984).
The plaintiffs, however, failed to allege facts in Count Two which could support a negligence per se cause of action for a violation of § 16-11-102a. The plaintiffs do not allege that CLP's "equipment and facilities" caused harm. Instead, the plaintiffs' claim is based on CLP's interruption of electricity to Mr. Capone's condominium unit. The cases relied upon by the CT Page 2096 plaintiffs which hold that a utility company's violation of § 16-11-102a of the Regulations of Connecticut State Agencies is negligence per se, involved incidents where the utility company failed to repair a damaged street light.[4] Research has not uncovered a single case where a court has held that a utility company's termination of service to a customer due to nonpayment provides a negligence per se cause of action to a third party.
Furthermore, § 16-3-100, not § 16-11-102a of the Regulations of Connecticut State Agencies, is the regulation that specifically deals with a utility company's termination of utility service. Regulation § 16-11-102a of the Regulations of Connecticut State Agencies is not applicable to the facts of
Count Three
CLP also moves to strike Count Three of the plaintiffs' revised complaint on the ground that the plaintiffs' recklessness claims are simply a reiteration of their negligence count. CLP further argues that in order to state a legally sufficient claim of recklessness, the plaintiffs must allege additional facts. The plaintiffs respond that it has not simply repeated the negligence allegations in the recklessness count. Rather, the plaintiffs argue that they have alleged that the defendant "consciously disregarded" certain risks.
"Recklessness is a state of consciousness with reference to the consequences of one's acts . . . it is more than negligence, more than gross negligence . . . the state of mind amounting to recklessness may be inferred from conduct." Dubay v. Irish,207 Conn. 518, 532, 542 A.2d 711 (1988). "In order to state a legally sufficient cause of action for recklessness a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on. . . ." (Citation omitted; internal quotation marks omitted.) Vega v. Williams, Superior Court, judicial district of New London at New London, Docket No. 540748 (July 17, 1997, Hurley, J.).
Viewing the facts alleged in Count Three most favorably to the plaintiffs, they are insufficient to support a claim of recklessness. The plaintiffs have merely re-characterized their negligence claim as a recklessness count by adding the words "consciously disregarded" to each claim. "[A] negligence count cannot be transformed into a recklessness count without alleging CT Page 2097 additional factual allegations that would alter the nature of the conduct complained of from negligence to recklessness."Michalski v. Miller, Superior Court, judicial district of New London at Norwich, Docket No. 101457 (June 16, 1993, Mihalakos, J.).
The plaintiffs have not alleged sufficient facts in Count Three to support a recklessness cause of action. Therefore, CLP's motion to strike Count Three of the plaintiffs' complaint is granted.
Count Four
Finally, CLP moves to strike Count Four of the plaintiffs' revised complaint. CLP argues that the plaintiffs fail to allege facts sufficient to maintain a legally cognizable action under CUTPA.[5] Specifically, CLP contends that while plaintiff alleges that CLP's conduct in terminating the power to the Capone unit constituted an unfair or deceptive practice within the meaning of General Statutes § 42-110b(a), plaintiffs failed to allege that plaintiffs purchased or consumed the electrical power and failed to allege that plaintiffs suffered a consumer or commercial injury.
The Connecticut Supreme Court has adopted the Federal Trade Commission "Cigarette Rule" for determining when a practice is unfair within the meaning of the CUTPA statute. These criteria are:
(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . ." A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 215, 579 A.2d 69 (1990).
Plaintiffs have failed to allege unfair and deceptive trade practice on the part of CLP as required by the CUTPA statute and therefore defendant CLP's motion to strike Count Four is also granted.
KULAWIZ, J. CT Page 2098